389 So.2d 679 (1980)
Marc Leroy HOLLIDAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-928.
District Court of Appeal of Florida, Third District.
October 28, 1980.
*680 Roy E. Black and Frank C. Furci, Miami, for appellant.
Jim Smith, Atty. Gen. and Susan Minor, Asst. Atty. Gen., Miami, for appellee.
Before SCHWARTZ and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
BASKIN, Judge.
Defendant appeals his conviction and sentence for assault, a lesser included offense of the original charge of sexual battery. We reverse because the trial court committed error in certain evidentiary rulings.
Melinda Mason, a fifteen-year old runaway, testified at trial that defendant Holliday, a former police officer, picked her up in his van as she was hitchhiking in Miami, drove her to his houseboat and raped her. Miss Mason testified that defendant Holliday hit her all over her body and that she screamed for at least fifteen minutes.
Miss Mason's testimony disclosed that she had run away many times and had been admitted to a psychiatric hospital after taking an overdose of medication. She was hospitalized sometime before the alleged rape. She told her doctors that she was a liar and liked to make things up. The dockmaster, whose boat was five feet away at the time of the offense, testified that he was home on his boat and heard no unusual noises. His wife and another resident of the marina also testified they heard nothing unusual.
Defendant's first issue on appeal questions the testimony at trial of Dr. Phillips, Miss Mason's psychiatrist. The doctor testified that Miss Mason told him she had been raped, and that, in his opinion, Miss Mason was not a pathological liar. Defendant contends Dr. Phillips' opinion was inadmissible.
We agree that the trial court committed error in permitting her psychiatrist to testify that Miss Mason was not a pathological liar. The statement was the doctor's personal opinion, and its admission as evidence was a clear invasion of the province of the jury. Lamazares v. Valdez, 353 So.2d 1257 (Fla. 3d DCA 1978).
Next, defendant contends that the trial court erred in permitting the examining physician, Dr. Thresher, to recount the victim's version of the event. The prosecutor asked Dr. Thresher:
Did you specifically ask her whether or not the person with whom she had sex-the *681 person that was involved in the rape-had ejaculated?
Did she state to you that the alleged assault-as part of your questioning her-occurred at approximately ten?
We agree that Dr. Thresher's testimony improperly bolstered Miss Mason's testimony by corroborating her testimony at trial through the admission of her prior consistent statements. Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979); Lamb v. State, 357 So.2d 437 (Fla. 2d DCA 1978); Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977). See also Brown v. Seaboard Airline Railroad Co., 434 F.2d 1101 (5th Cir.1970). The prior consistent statements elicited were hearsay and did not fall within any exception to the hearsay rule.
Next, defendant argues the trial court erred in refusing to admit defendant's medical records into evidence. His argument has merit.
After the admission into evidence of blood-stained bedsheets and pillow cases taken from the houseboat, the state called as a witness a crime laboratory technician, who testified that the blood could have been either the blood of Melinda Mason or of the defendant, Mark Holliday. In response, defendant called the custodian of records at Hialeah Hospital as a witness to testify that defendant Holliday had been treated for a chronic duodenal ulcer. Although the state stipulated to the authenticity of the records, it objected on the ground they were not relevant. The court sustained the state's objection, holding that although the medical records disclosed defendant would continue to bleed subsequent to his discharge from the hospital in 1977, that evidence was inadmissible absent proof that the bleeding continued until the time of the alleged rape.
The trial court erred in ruling that defendant's medical problem occurred too long before the offense to be relevant evidence at trial. Remoteness of time relates to the weight rather than the admissibility of evidence, unless so far removed from the event as to deprive the circumstances of any evidentiary value. Hopkins v. McClure, 45 So.2d 656 (Fla. 1950). See generally Clark v. State, 266 So.2d 687 (Fla. 1st DCA 1972); Crosby v. State, 237 So.2d 286 (Fla. 2d DCA 1970).
Defendant also challenges the prosecutor's statement in closing argument:
The unfortunate thing is, when it all comes down and you go in to reach your verdict, the real question is: This is a one-on-one situation. This is Marc Holliday versus Melinda Mason. She took the stand and she told you what happened.
He cites the trial court's refusal to grant a mistrial as error.
Although we strongly disapprove of improper comment on any defendant's exercise of his right to remain silent, we do not believe the comment in this case reached that level. The comment here is sustainable as a comment on the evidence; nevertheless, we caution counsel to avoid treading such dangerous ground.
In conclusion, we hold that the evidentiary rulings by the trial court denied defendant a fair trial and constituted reversible error. We reverse and remand for a new trial.