492 So.2d 793 (1986)
Isaac YOUNGBLOOD, Appellant,
v.
STATE of Florida, Appellee.
No. BF-82.
District Court of Appeal of Florida, First District.
August 7, 1986.
Rehearing Denied September 10, 1986.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Defendant, Isaac Youngblood, appeals his convictions for sexual battery under count I and lewd assault on a child under count II. After a thorough review of the record, we find no error in defendant's conviction under count II for lewd assault on a child and his sentence to 15 years imprisonment.
As to the conviction for count I, we do not believe an exposition of the seamy details of the record in this case will serve any useful purpose as those details are already known to the parties. Neither do we need to address numerous evidentiary errors in this record as our disposition of the appeal may rest on the record as submitted to the jury.
When the trial judge precluded the jury from considering the testimony of Dr. Elizabeth Englehart as it related to statements made by Jason Youngblood as substantive evidence of Jason's identification of his father as the perpetrator of a sexual battery against him, the jury was left only with the testimony of Linda Cooper from which to conclude that a sexual battery had occurred. *794 The testimony will not support conviction.
Linda Cooper of the Child Protection Team testified that Jason Youngblood demonstrated knowledge, personality traits and conduct consistent with sexually abused children. She further rendered an opinion that Jason Youngblood "was sexually abused by his father."
There is no offense of "sexual abuse" in Florida. There is an offense of child abuse defined under chapter 827, Florida Statutes (1981), which would include the type conduct of defendant demonstrated by this record. There is an offense of lewd, lascivious, or indecent assault upon or in the presence of a child under chapter 800, Florida Statutes (1981), which is consistent with the conduct demonstrated in this record. But, this defendant was charged with penetrating or having union with the mouth or anus of Jason Youngblood with defendant's penis or some other object. Such a determination could only come from jury conjecture based upon inferences drawn by Linda Cooper from her interview with the victim. The judgment and sentence for sexual battery under count I are REVERSED.
SHIVERS and ZEHMER, JJ., concur.