512 So.2d 280 (1987)
Robert Arnold FRANCIS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-534.
District Court of Appeal of Florida, Second District.
September 4, 1987.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
*281 Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Robert Arnold Francis, appeals the judgments and sentences entered against him after a jury found him guilty of one count of capital sexual battery and two counts of battery. Because we find that the trial court erred in some of its evidentiary rulings, we reverse and remand for a new trial.
The appellant was charged by indictment with three counts of capital sexual battery in violation of section 794.011(2), Florida Statutes (1983). According to the indictment, the appellant sexually battered his three nieces, each of whom was eleven years old or younger, by inserting his finger into their vaginas. The jury found the appellant guilty of one count of capital sexual battery as charged and of two counts of the lesser included offense of battery.
The trial court sentenced the appellant to life imprisonment without eligibility for parole for twenty-five years on the capital sexual battery charge and to a one year term of imprisonment on each of the battery charges. The three sentences were to be served concurrently.
The appellant filed a timely notice of appeal and contends that the trial court erred by allowing the state to present certain testimonial evidence. We agree that the trial court committed reversible error on at least two occasions.
During its opening statement, the state announced that it would present a witness who would testify that the appellant was about sixty years old and that she had met the appellant about fourteen years prior to trial when the appellant was dating her then fourteen year old sister. The appellant objected. The trial court overruled the objection based upon the state's argument that the testimony would be relevant to prove that the appellant was over the age of eighteen. During the state's case-in-chief and over the appellant's objection, Penny Peeno, the victims' mother and appellant's sister-in-law, testified as the state had represented in its opening statement. She also testified that the appellant was about thirty years older than her sister (appellant's wife). The state subsequently presented the testimony of a child psychologist who had met with the victims. Over the appellant's objection, the psychologist was asked if he could form an opinion about the personality characteristics of a sixty year old individual who was thirty years older than his wife, and who began dating his wife when she was approximately fourteen, fifteen, or sixteen years old. The psychologist testified, over further objection, that such an individual was attracted to adolescents.
The above testimony by Ms. Peeno was irrelevant and, therefore, inadmissible because it did not tend to prove or disprove a material fact. See § 90.401, Fla. Stat. (1983). Although the state's announced purpose for introducing Ms. Peeno's testimony was to establish the appellant's age, this element of the state's case was never really in dispute and was established through the presentation of other evidence which did not refer to inadmissible events.
Furthermore, even relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. § 90.403, Fla. Stat. (1983). Although the state had the burden of proving that the appellant was at least eighteen years old when he committed the alleged acts, Ms. Peeno's testimony was cumulative because of the other evidence which established that the appellant was well over the age of eighteen. We also believe that the testimony concerning the appellant's marriage created a danger of unfairly prejudicing the jury against the appellant so that any probative value the testimony may have had was substantially outweighed by its prejudicial, as well as cumulative, nature.
The trial court's error in admitting Ms. Peeno's testimony in violation of section 90.403 was compounded when the trial *282 court permitted the state's expert child psychologist to render his opinion that, based upon Ms. Peeno's testimony, the appellant had a personality characteristic of being attracted to children. Evidence of a person's character or a trait of character is inadmissible to prove that he acted in conformity with it on a particular occasion except when such evidence is offered by the accused, or by the prosecution to rebut the trait. § 90.404(1)(a), Fla. Stat. (1983).
We disagree with the state's argument on appeal that the testimony concerning the appellant's marriage was admissible as similar fact evidence pursuant to section 90.404(2)(a), Florida Statutes (1983). Section 90.404(2)(a) provides that similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity. The fact that the appellant married a young woman is not factually similar to a sexual battery, and even if it were, evidence regarding this marriage under the circumstances of this case could do nothing other than show bad character or propensity. For this reason, as well as for the other reasons stated above, we find that the trial court erred in allowing the state to present evidence concerning the facts surrounding the appellant's marriage to a younger woman.
The court also erred by allowing the state to ask certain questions while cross-examining the appellant's father-in-law, Howard Swartwood. Mr. Swartwood testified that the appellant had a very good reputation for truthfulness. On cross-examination, over the appellant's objection, the state was allowed to ask the witness if his opinion would change if he knew the appellant had dated his daughter (appellant's wife) behind his back when she was fourteen or fifteen years old or if he knew the appellant was engaging in intercourse with her at that time.
We agree that the state has the right to cross-examine a character witness concerning specific acts of misconduct after the prosecutor has informed the court that he has reasonable ground to believe, and does believe, that the misconduct was actually committed by the accused. Greenfield v. State, 336 So.2d 1205 (Fla. 4th DCA 1976). The incidents inquired about, however, must be relevant to the character trait involved. Butler v. State, 376 So.2d 937 (Fla. 4th DCA 1979); see also, United States v. Nixon, 777 F.2d 958 (5th Cir.1985); United States v. Glass, 709 F.2d 669 (11th Cir.), reh'g denied, 717 F.2d 1401 (1983); but see, Robinson v. State, 393 So.2d 33 (Fla. 1st DCA 1981). Since Mr. Swartwood's testimony was limited to the appellant's reputation for truthfulness, the state's questions concerning the appellant's acts of dating and having intercourse with Mr. Swartwood's daughter were not relevant to the character trait at issue, and the trial court erred by allowing those questions to be asked.
Since the evidence against the appellant was less than overwhelming, we believe that there exists a reasonable possibility that the inadmissible evidence may have affected the jury's verdict. The trial court's error in permitting the introduction of this evidence, therefore, was harmful. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). We, therefore, must reverse and remand for a new trial on one count of capital sexual battery and two counts of battery.
Because of our disposition of this matter, we do not find it necessary to fully address the appellant's contention that the trial court erred in allowing the state to cross-examine a gynecologist, called by the appellant, as to whether the story of one of the victim's was believable and whether child abuse victims are generally truthful. Upon remand, however, the trial court is reminded that the testimony of an expert witness cannot be used to vouch for the credibility of another witness. Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), petition for cert. dismissed, 507 So.2d 588 (Fla. 1987); see also, Holliday v. State, 389 So.2d 679 (Fla. 3d DCA 1980); Lamazares *283 v. Valdez, 353 So.2d 1257 (Fla. 3d DCA 1978).
Reversed and remanded.
SCHEB, A.C.J., and THREADGILL, J., concur.