523 So.2d 729 (1988)
Danny Ray BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-33.
District Court of Appeal of Florida, First District.
April 12, 1988.
Rehearing Denied May 11, 1988.
Michael E. Allen, Public Defender, and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
The appellant in this case, Danny Ray Brown, appeals his convictions of attempted sexual battery upon a child less than twelve years of age and commission of a lewd act upon a child. We affirm.
According to the trial transcript contained in the record on appeal, Linda Cooper, a counsellor with the Child Protection Team who examined the five-year-old victim in this case, was qualified as an expert in the field of child sexual abuse. After Cooper had testified regarding the types of signs she generally looked for to determine whether a child had been sexually abused, and regarding whether the victim in this case had exhibited any of those signs, the prosecution asked Cooper whether, *730 based on her training and experience, she had an opinion as to whether the victim had been sexually abused. Over defense counsel's objections, Cooper replied, "I do believe that [the victim] was sexually abused." The defendant argues on appeal that Cooper's response to the prosecutor's question was improper as it constituted an opinion that a crime had been committed, and served to bolster the credibility of the victim. According to appellant, Cooper could have presented the evidence to the jury in a permissible manner by using the type of language illustrated in North v. State, 65 So.2d 77 (Fla. 1952) and Ferradas v. State, 434 So.2d 24 (Fla. 3d DCA 1983), i.e., that the victim's symptoms were "consistent with" one who had been sexually battered.
We affirm the admission of Cooper's testimony for two reasons. First, the appellant in this case was charged with sexual battery of a child less than twelve years of age and found guilty of attempted sexual battery. The objected-to statement made by Cooper was that, in her opinion, the victim had been sexually abused. As this court stated in Youngblood v. State, 492 So.2d 793 (Fla. 1st DCA 1986), there is no offense of sexual abuse in Florida. Cooper's testimony, therefore, was not a statement of opinion that a crime had occurred or that Brown had committed sexual battery or attempted sexual battery on the victim. Second, in addition to the statement made by Cooper, the State presented the testimony of a medical doctor who had examined the victim for possible sexual abuse, the victim herself, and several family members, all of which support the judgment made by the jury. Even assuming arguendo that the statement made by Cooper was erroneously admitted, the error is harmless in light of the overwhelming evidence of guilt. Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987).
We limit our decision in this case strictly to the facts at hand, and caution that the decision is not to be construed as condoning either the use of an expert's opinion as to the guilt or innocence of the accused or the use of expert testimony to bolster the credibility of a witness. We note that it would have been more appropriate, as argued by appellant, for the expert witness to have testified that the victim's behavior was "consistent with" one who had been sexually battered or abused, than to have testified that the victim was sexually abused. When stated in those terms, a jury would be less likely to misconstrue the expert witness's opinion as either evidence that the defendant committed a crime against the victim or as an opinion as to the truthfulness of the victim's statements regarding the defendant's conduct. See Ward v. State, 519 So.2d 1082 (Fla. 1st DCA 1988).
Accordingly, the conviction and sentence are hereby affirmed.
THOMPSON and ZEHMER, JJ., concur.