525 So.2d 998 (1988)
Ronald Winston NORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1427.
District Court of Appeal of Florida, Fifth District.
May 26, 1988.
*999 William L. Townsend, Jr., of Walton & Townsend, Palatka, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order denying post-conviction relief.
This appellant's appeal from his conviction is found at Norris v. State, 503 So.2d 911 (Fla. 5th DCA 1987). As we said in that opinion it is error to admit testimony from a witness who is offered to vouch for the credibility of another. That has long been the law of Florida and was most recently announced in Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), dismissed, 507 So.2d 588 (Fla. 1987)  some two months before the trial with which we are concerned here. See also Knight v. State, 97 So.2d 115, 119 (Fla. 1957); Goldstein v. State, 447 So.2d 903, 905 (Fla. 4th DCA 1984); Rodriguez v. State, 413 So.2d 1303, 1305 (Fla.3d DCA 1982); Holliday v. State, 389 So.2d 679, 680 (Fla.3d DCA 1980). It is only for a jury to decide which witnesses are believable  not some "expert."
For our decision now we must determine whether trial counsel was so ineffective in his representation of appellant so as to deny appellant a fair trial. We conclude his failure to object to statements of a "Child Protection Team" social worker who testified she had somehow scientifically "validated" (her word) the child witness's testimony was so damaging to appellant's case as to deny him a fair trial. The very young, three or five year old, child was the only witness against appellant. The transcript of the 3.850 hearing indicates that she was diagnosed negative for child abuse in a medical examination and her mother expressed disbelief in her allegations before trial, so the only "evidence" the state had to corroborate her account was the social worker's statement in which she had somehow determined from interrogation of the child that she told the truth when she said she was abused.
This testimony was clearly inadmissible, should have been objected to, wasn't, and appellant's trial was fatally infected thereby.
The order denying a new trial is reversed and this cause remanded for a new trial.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.