527 So.2d 962 (1988)
Micky Dale DAVIS, Appellant,
v.
STATE of Florida Appellee.
No. 87-1661.
District Court of Appeal of Florida, Fifth District.
July 7, 1988.
*963 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Micky Davis, was convicted of attempted lewd and lascivious assault upon a child under Count I of an information and lewd and lascivious assault upon a child under Count III based upon two separate alleged incidents involving Davis's fourteen year old daughter.
The state's case was based upon the direct testimony of the daughter with supportive opinion testimony by a clinical psychologist, Carl Nickeson. The defense presented testimony from the mother, Freddie, who testified to various behavioral problems of her daughter. These included the daughter's relationship with a boyfriend, which sparked several conflicts between the daughter and her parents, and, according to the mother, threats by the daughter to "nail him (Micky Davis) to the wall." Micky Davis himself testified to the conflicts between parents and daughter, and denied the latter's accusations of fondling and attempted intercourse.
We agree with the appellant's first contention on appeal: the trial court improperly restricted cross-examination of the daughter in regard to an incident resulting in a burglary complaint being filed against the daughter's boyfriend by Freddie Davis during the month preceding the alleged sexual assaults. This evidence was proffered on "the issue of motivation for her (the daughter) to strike back at her father and her parents, generally, because of their motivation to eliminate the boyfriend as a friend." The evidence was admissible, and, considering the critical importance of the daughter's credibility in this case, we cannot conclude, beyond a reasonable doubt, that this error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Hannah v. State, 432 So.2d 631 (Fla. 3d DCA 1983).
We also conclude that the trial court erred in denying the defense motion in limine to exclude the testimony of Nickeson. Objection to his testimony was renewed at trial. In testifying that the daughter was "being frank" according to his validity scale in respect to having been the victim of child abuse, Nickeson was invading the province of the jury and his "validating" testimony should have been excluded. See Norris v. State, 525 So.2d 998 (Fla. 5th DCA 1988); Norris v. State, 503 So.2d 911 (Fla. 5th DCA 1987); Youngblood v. State, 492 So.2d 793 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla. 1987). But see, Brown v. State, 523 So.2d 729 *964 (Fla. 1st DCA 1988); Ward v. State, 519 So.2d 1082 (Fla. 1st DCA 1988).
We must also consider whether or not there exists any such offense as attempted lewd and lascivious assault pursuant to sections 800.04 and 777.04, Florida Statutes (1985). The trial jury was furnished a verdict form for such an offense, at the defendant's request, as a lesser included offense of Count I of the information, which originally charged attempted sexual intercourse with a child contrary to section 794.041, Florida Statutes (1985). The appellant now contends that he was convicted of a wholly nonexistent crime, and, therefore, is not foreclosed from relief by his failure to object below or even by his request for that verdict form. Cf. Ray v. State, 403 So.2d 956 (Fla. 1981).
No case has held that attempted lewd and lascivious assault does not constitute a crime. In fact, the defendant was convicted of such an offense in Johnson v. State, 292 So.2d 426 (Fla. 2d DCA 1974). Additionally, attempt is listed as a Category II lesser offense of lewd and lascivious assault in the Schedule of Lesser Included Offenses contained in The Florida Standard Jury Instructions in Criminal Cases. We conclude that Davis was not convicted of an nonexistent crime and that he cannot complain that his conviction under Count I was for a lesser crime not included in the original charge. See Ray. We do note, however, that the trial court erroneously classified attempted lewd and lascivious assault as a second degree rather than a third degree felony, a point conceded by the state. We find no merit, however, in the appellant's argument in regard to prosecutorial misconduct.
REVERSED AND REMANDED FOR NEW TRIAL on Count I (attempted lewd and lascivious assault upon a child) and on Count III (lewd and lascivious assault upon a child) of the information.
ORFINGER and DANIEL, JJ., concur.