565 So.2d 387 (1990)
Avrahm ASSIAG, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1936.
District Court of Appeal of Florida, Fifth District.
August 9, 1990.
*388 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The issue in this case is whether the testimony of doctors testifying in a sex case and vouching for the credibility of the victim constituted such fundamental error as to justify reversal in the absence of a timely objection to the evidence and an erroneous trial court ruling admitting the evidence.
The defendant was convicted of two sex crimes.[1] During the trial, two of the State's psychological experts improperly[2] vouched for the credibility of the victim.[3] The defendant did not make a contemporaneous objection to the improper testimony and the sole issue we address is whether the failure to make a proper objection bars appellate review of this error in admitting evidence.
Consistent with the usual law on this point, section 90.104(1), Florida Statutes, provides that a court may reverse a judgment on the basis of an erroneous ruling admitting evidence when a substantial right is adversely affected and a timely objection appears on the record stating the specific ground of objection if the specific ground is not apparent from the context. When there is no objection to admitted evidence, not only is the specific ground not specified as the rule requires but, more fundamentally, there is usually no specific or express ruling by the trial court as to the admissibility of the evidence, and if there is no ruling, there is no error by the trial court justifying reversal on appeal.
Section 90.104(3) provides that nothing in that section precludes an appellate court from taking notice of fundamental errors affecting substantial rights even though those errors were not brought to the attention of the trial judge. The defendant in this case contends that the error in the admissibility into evidence of the doctors' testimony vouching for the credibility of the victim, is fundamental, citing Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989). In Fuller, this court held that in a sexual battery case, unobjected to testimony of an expert vouching for the truthfulness of a witness along with inflammatory prosecutorial argument and attack on the defense counsel and inadequate notice of use of hearsay testimony, resulted in cumulative error so fundamental as to require reversal. We view Fuller as a "cumulative error" case in which one of the many errors was admission into evidence of the testimony of an expert vouching for credibility of a witness which error was not the subject for a proper objection. Fuller does not hold that the improperly admitted testimony vouching for a victim's veracity, though not objected to, will always and alone constitute fundamental error requiring reversal. In this case, we do not find the improper testimony, entered without objection, alone constitutes fundamental error, nor do we find other invidious and harmful trial errors which combine with the improper, but unobjected to, testimony so as to constitute fundamental error requiring reversal. Accordingly, the defendant's convictions are
AFFIRMED.
COBB, W. SHARP and COWART, JJ., concur.
NOTES
[1] Sexual battery (§ 794.011(5), Fla. Stat.) and lewd and lascivious assault upon a child (§ 800.04(2), Fla. Stat.).
[2] See Tingle v. State, 536 So.2d 202 (Fla. 1988); Davis v. State, 527 So.2d 962 (Fla. 5th DCA 1988); Norris v. State, 525 So.2d 998 (Fla. 5th DCA 1988).
[3] Dr. Townsend stated, "There's no question in my mind that she [the victim] was raped and was seeking help for that" and Dr. Jones testified that the victim did not make things up and that the victim's personality was not consistent with someone who would make up a sexual battery story.