580 So.2d 309 (1991)
Carlos REYES, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-132.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Bennett H. Brummer, Public Defender and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand and Jorge Espinosa, Asst. Attys. Gen., for appellee.
*310 Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
SCHWARTZ, Chief Judge.
Reyes was convicted of sexual battery and simple battery for the alleged digital penetrations of a twelve year old girl, C.H., who was a close friend of the defendant and his children. We reverse for a new trial.
At the trial, the victim specifically testified to the incidents of misconduct and there was medical testimony of damage to the child's intimate area which was at least equivocal as to its derivation. On the other hand, Reyes's young daughter, who was allegedly present when the acts took place, denied on the stand that they occurred. Reyes himself adamantly denied his guilt. In this context, we hold that the trial judge reversibly erred in admitting two classes of improper and prejudicial testimony:
1. Three witnesses, C.H.'s mother and stepfather, Mr. and Mrs. Sutton, and the investigating police officer were each allowed to recount at length that she had, prior to the trial, several times described the alleged offenses committed by Reyes entirely consistently with her testimony at the trial. There is no question that evidence of the prior consistent statements of a witness is inadmissible because it is an impermissible  and probably hearsay  attempt to bolster the credibility of trial testimony. Van Gallon v. State, 50 So.2d 882 (Fla. 1951); Custer v. State, 159 Fla. 574, 34 So.2d 100 (1947); Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979). See generally Kopko v. State, 577 So.2d 956, 960 n. 9 (Fla. 5th DCA 1991). As in several recent cases in which, like this one, the prior consistent statements were those of a victim whose credibility was directly in issue, it is clear that the admission of the testimony of these witnesses[1] should not have been permitted.[2],[3]Stamper v. State, 576 So.2d 425 (Fla. 4th DCA 1991); Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990); Holliday v. State, 389 So.2d 679 (Fla. 3d DCA 1980); Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979); accord Barnes v. State, 576 So.2d 439 (Fla. 4th DCA 1991); see also Lamb v. State, 357 So.2d 437 (Fla. 2d DCA 1978); Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977).
2. Both of the Suttons were repeatedly permitted to state that C.H. "would never lie" and was "a truthful child." This testimony was clearly an impermissible intrusion into the role of the jury whose primary function it was to determine just that question of the victim's credibility. Holliday, 389 So.2d at 680-81; Lamazares v. Valdez, 353 So.2d 1257 (Fla. 3d DCA 1978); see Francis v. State, 512 So.2d 280 (Fla. 2d DCA 1987); Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), pet. for review dismissed, 507 So.2d 588 (Fla. 1987). As such, its reception into evidence constitutes another, independent basis for reversal.[4]
*311 Finally, we cannot find that these errors, even considered individually, much less together, were harmless under the rule of State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Barnes, 576 So.2d at 439; Lazarowicz, 561 So.2d at 392; Holliday, 389 So.2d at 679; cf. Anderson v. State, 574 So.2d 87 (Fla. 1991); Myles v. State, 582 So.2d 71 (Fla. 3d DCA 1991). A new trial is therefore required.
Reversed and remanded.
NOTES
[1] Our rulings make it unnecessary directly to address whether it was also error to admit the contents of the victim's statement to the examining physician under section 90.803(4), Florida Statutes (1989). We caution, however, that, at the re-trial, the statement may be recounted only if, and to the extent that it was knowingly made for the purpose of and was pertinent to diagnosis or treatment. Consult State v. Ochoa, 576 So.2d 854 (Fla. 3d DCA 1991); Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990); Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986); see also A.M. v. State, 574 So.2d 1185, 1186-87 (Fla. 3d DCA 1991) (Baskin, J., specially concurring).
[2] The exception to this rule of inadmissibility, which arises in order to counter a claim of "improper influence, motive, or recent fabrication" against the witness, § 90.801(2)(b), Fla. Stat. (1989), does not apply here. This is because, while the defense did accuse C.H. of falsely testifying because she was jealous and bitter over another of the defendant's daughters coming to live with him and thus interfering with their relationship, this fact, and thus the alleged motive to falsify, arose prior to any of the statements in question. Jackson v. State, 498 So.2d 906 (Fla. 1986); Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990).
[3] Section 90.803(23)(a), Florida Statutes (1989) does not apply because the child is over eleven years old.
[4] We reject the state's contentions that the Suttons' testimony was properly admitted under section 90.609(2), Florida Statutes (1989). That section permits only the admission of evidence of "character relating to truthfulness" by testimony "in the form of reputation." The Suttons' testimony was not of that nature. See Francis v. State, 512 So.2d 280 (Fla. 2d DCA 1987).

Likewise, we do not agree that the defendant's general objection to such obviously impermissible testimony did not preserve the issue for appellate review. See § 90.104(1)(b), Fla. Stat. (1989).