PER CURIAM.
The defendant, Anthony Coluntino, appeals his conviction for burglary of a dwelling with assault and aggravated assault. We reverse and remand for a new trial.
James Murphy, the alleged victim, gave two statements after the defendant was arrested. The first statement was given to his neighbor immediately after the incident. The neighbor wrote down what Murphy told her happened. The second statement was a statement written by Murphy for the police. The victim wrote this statement after he spoke to an attorney and was advised to give the police a written statement.
On cross examination, defense counsel used the statement dictated to his neighbor to impeach Murphy’s trial testimony. On redirect, the state introduced, over the defendant’s objection, the prior consistent statement which Murphy gave to the police the day after the incident.
At the conclusion of the state’s case, the defendant filed a motion for judgment of acquittal. The trial court denied the motion as to all counts, except the sexual battery count, which was reduced to exposure of sexual organs. The jury found the defendant guilty of burglary with an assault and of aggravated assault. The jury found the defendant not guilty of robbery and of exposing sexual organs. The jury was unable to reach a verdict as to the kidnapping and battery counts, and the court declared a mistrial as to those counts. The trial court declared the defendant a habitual offender and sentenced him to seventy-five years on the burglary count and ten years on the assault count. The sentences were to run concurrently. The defendant appealed.
The defendant contends that the trial court erred in admitting over defense objection a prior consistent statement made by Murphy where such testimony was inadmissible hearsay. We agree.
It is well established that evidence of the prior consistent statement of a witness is inadmissible as an impermissible attempt to bolster the credibility of trial testimony, Van Gallon v. State, 50 So.2d 882 (Fla.1951); Custer v. State, 159 Fla. 574, 34 So.2d 100 (1947); Reyes v. State, 580 So.2d *245 309 (Fla. 3d DCA 1991); Holliday v. State, 389 So.2d 679 (Fla. 3d DCA 1980), unless the prior consistent statement is offered “to rebut an express or implied charge against [the declarant] of improper influence, motive, or recent fabrication.” Section 90.801(2)(b), Fla.Stat. (1991). In order to fall under the exception, the prior consistent statement must have been made “before the existence of the facts said to indicate an improper influence.” Lazarowicz v. State, 561 So.2d 392, 393 (Fla. 3d DCA 1990).
The statement Murphy gave to the police was a prior consistent statement which does not come under the foregoing exception because the statement was made after the crime had terminated and after Murphy had a motive for lying about what had happened. Accordingly, the statement was inadmissible hearsay under the statute.
The improper introduction of a prior consistent statement cannot be considered harmless error where the credibility of the state’s only eyewitness, Murphy, was the crucial issue which the jury had to resolve. Reyes, 580 So.2d at 309; Lazarowicz, 561 So.2d at 392; Preston v. State, 470 So.2d 836 (Fla. 2d DCA 1985). See generally State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The admission of the hearsay testimony in this case was highly prejudicial. Accordingly, we reverse the defendant’s conviction and remand for a new trial.
Reversed and remanded.