PER CURIAM.
This is the appeal of the denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 seeking a new trial based on ineffective assistance of trial counsel.[1] We vacate Appellant’s conviction and remand for new trial.
There is no doubt that the record portrays a pattern of error and omission that threads through the proceedings from pretrial to closing argument. As is often true when such errors are made by the defendant’s trial counsel, some appear not to have adversely affected the defendant or cannot be shown with any degree of certainty to have adversely affected the defendant. Several others, however, cannot be discounted, most notably the calling of the victim’s mother, without ever having interviewed her, with the result that the mother gave no testimony helpful to the defendant but did give impassioned evidence corroborating testimony of the victim and relating the events of her daughter’s disclosure of the alleged assault. Similarly, the defendant made no effort to object as the investigating officer offered testimony that she was expert in determining whether a victim was telling the truth by reading body language and this victim was, in her opinion, telling the truth. Norris v. State, 525 So.2d 998 (Fla. 5th DCA 1988). Finally, counsel made no objection to the improper aspects of the state’s final argument. Applying the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), it is apparent that counsel’s performance fell below the standard of performance required. Due to the number of failures and their sheer pervasiveness, and even though the lower court attempted to alleviate the impact of certain of the errors, we are bound to conclude that the deficient performance of counsel prejudiced the defense.
GLICKSTEIN, SHAHOOD, JJ., and GRIFFIN, JACQUELINE R., Associate Judge, concur.

. Counsel had been paid $8,500.00 to defend Appellant.