674 So.2d 791 (1996)
Raymond SMITH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-962.
District Court of Appeal of Florida, Fifth District.
May 3, 1996.
Rehearing Denied June 11, 1996.
*792 Craig Stephen Boda, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Raymond Smith, Jr., appeals the judgment and sentence entered after a jury found him guilty of lewd or lascivious assault upon a child under the age of 16 years.[1] Smith contends on appeal that the trial court made five errors. We find that two have merit. First, the trial court erred when it allowed the child's mother to testify that the child never made false statements against anyone, and, second, the trial court erred when it allowed a state's expert witness to testify that she believed that the child had been sexually abused and Smith was the perpetrator. We reverse and remand for a new trial.
The testimony at trial was that Smith, 24 years of age and a member of the New Smyrna Beach Police Department, was introduced to the child by the child's former boyfriend who was a police explorer. Shortly thereafter, the child was hospitalized because she tried to commit suicide. Smith befriended the child and her mother and acted as a counselor to the child. After getting to know the child and her mother, Smith took the child to his home to watch MTV. The television was in his bedroom. They sat on the bed to watch television and Smith allegedly fondled, caressed and kissed the child, then had vaginal intercourse with her which was consensual in fact. After intercourse Smith told the child she should keep it a secret because "I'm 24 and you're 14. I'm a police officer and I could get into a lot of trouble."
The child allegedly told her best friend about the incident as soon as she got home, and told another friend the next day. Smith and the child continued to see each other for several weeks, although the child never returned to his home or again had sex with *793 him. The child eventually told her mother about the sexual relationship. The mother immediately reported the allegations to the police. The crime was reported approximately one month after it allegedly occurred, and the police were not able to obtain any medical or physical forensic evidence to corroborate the child's testimony. The only direct evidence in the case was the child's testimony and hearsay statements, and these were controverted by Smith who testified that the child had been to his house for five minutes, but that they did not have sex.
During the trial, the state proffered testimony of the child's mother. The mother testified that the child never made false allegations against anyone. During the proffer, Smith's attorney objected to the testimony arguing that it was being offered merely to bolster the child's testimony. The trial court overruled the objection and allowed the state to ask the mother if the child had ever "made any false criminal allegations against anyone else" in the past. The trial court allowed the mother to answer "[a]bsolutely not." Smith contends this was error and we agree.
This testimony invaded the province of the jury, which was to determine the child's credibility. The child's credibility was a significant factual matter in this case since there was no medical or physical evidence to support her testimony. There is no doubt that the jury could convict Smith based solely upon the child's statements; however, since the state's primary evidence in the case was the child's testimony and hearsay, this case was a classic swearing-contest between the child and Smith. The erroneously admitted testimony of the child's mother improperly bolstered the credibility of the child and impermissibly intruded into the role of the jury. Reyes v. State, 580 So.2d 309, 310 (Fla. 3d DCA 1991); Hall v. State, 634 So.2d 1124 (Fla. 5th DCA 1994). Further, since Smith did not attack the child's character relating to truthfulness, or put at issue the child's character or reputation, the testimony was not admissible pursuant to sections 90.609(2) and 90.404(1)(b), Florida Statutes (1991). Arias v. State, 593 So.2d 260, 265 (Fla. 3d DCA 1992); Reyes, 580 So.2d at 310.
As to the second issue, we agree that testimony by Donna Lawson, the state's expert, was inadmissible. Lawson stated that most sexual abuse victims come from single parent households, that children who previously had been sexually abused were at a greater risk of being abused a second time, and that, in her opinion, this child had been sexually abused by Smith. Evidence at trial established that the child's parents were separated, that the child lived with her mother, and that the child previously was sexually abused.
Lawson's testimony that she thought the child had been abused was an impermissible comment on the child's veracity. Although the supreme court held in Glendening v. State, 536 So.2d 212 (Fla.1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989), that a child abuse expert could give opinion testimony regarding whether the child had been abused, the child in Glendening was three and one-half years old at the time of the alleged abuse, "making it likely that her inexperience in sexual matters would make it difficult for her to describe what happened" Id. at 220. Further, the expert's opinion testimony was limited to, and was supported by, a recorded "doll interview," which was played for the jury. Id.
In contrast, Lawson provided no support for her opinion that the child in this case had been abused. Lawson testified that she had interviewed approximately 750 victims of child abuse, and that she reviewed the child's deposition and her statements to the police and the victims' advocate, but she gave no foundation in science, or any other area of specialized knowledge, for her belief that the child had been abused. Since there was no foundation for this belief, the expression of this belief amounted to no more than an impermissible comment on the credibility of the child. See Price v. State, 627 So.2d 64 (Fla. 5th DCA 1993). Further, since Lawson provided no basis for her belief, it was utterly irrelevant. Finally, we note that Lawson's testimony, unlike the expert testimony in Glendening, was not helpful to the jury, because the child in this case was fifteen years old and fully capable of describing what happened. See Ball v. State, 651 So.2d 1224 *794 (Fla. 2d DCA 1995); Audano v. State, 641 So.2d 1356 (Fla. 2d DCA 1994).
Lawson's testimony regarding her belief that Smith abused the child was also inadmissible. First, opinion testimony as to the guilt or innocence of the accused is inadmissible because any probative value of such testimony is clearly outweighed by the danger of unfair prejudice. Glendening, 536 So.2d at 221. Second, since there was no foundation given for this belief, it amounted to an incompetent, irrelevant, impermissible comment on the child's veracity.
The testimony that most children who are abused come from single family households, and that children who have been abused are at greater risk of being abused a second time, was not shown to be relevant because there was no testimony showing how these statistics make it more likely than not that a crime was committed against this child and/or that Smith committed it. Since the testimony was irrelevant, it was inadmissible regardless of whether or not the Frye[2] test should be applied in cases like this. See Beaulieu v. State, 671 So.2d 807 (Fla. 5th DCA, 1996). To the extent the testimony was intended to show a propensity on the part of the child to be victimized, it was inadmissible character evidence. See Flanagan v. State, 625 So.2d 827, 829 (Fla.1993) (character of the accused).
An additional problem in this case is that the attorney for Smith did not make all of the necessary objections and may even have invited improper testimony. Without a specific objection, the general rule is that the issue was not preserved for appellate review and therefore is waived. Glendening, 536 So.2d at 221; accord Assiag v. State, 565 So.2d 387, 388 (Fla. 5th DCA 1990); Norris v. State, 503 So.2d 911, 911-12 (Fla. 5th DCA 1987). Nevertheless, we reverse and remand for a new trial because we hold that Smith did not receive a fair trial. The only properly admitted substantive evidence of abuse in this case was the child's testimony, and the bulk of the evidence was inadmissible evidence whose effect was to impermissibly bolster the child's credibility. Having reviewed the entire record, we hold that the effect of the expert witness's testimony, coupled with the improper admission of the mother's testimony, compels reversal. State v. Townsend, 635 So.2d 949, 949-950 (Fla.1994).
REVERSED and REMANDED for new trial.
PETERSON, C.J., and GOSHORN, J., concur.
NOTES
[1] § 800.04(3), Fla.Stat. (1991).
[2] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).