693 So.2d 567 (1996)
Ronald Anderson RHUE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02945.
District Court of Appeal of Florida, Second District.
December 13, 1996.
Rehearing Denied January 23, 1997.
Robert H. Dillinger, St. Petersburg, for Appellant.
*568 Robert A. Butterworth, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant was convicted after jury trial of capital sexual battery. His conviction was affirmed on direct appeal. He subsequently filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied the motion, and the appellant appealed. This court, in Rhue v. State, 603 So.2d 613 (Fla. 2d DCA 1992), remanded for the trial court to reconsider four claims of ineffective assistance of trial counsel, and for the court to attach documents refuting the claims or conduct an evidentiary hearing. After conducting an evidentiary hearing, the trial court again denied the appellant's motion. The appellant challenges that order. We agree with the trial court that the appellant was not entitled to relief as to three of the claims. With respect to the remaining claim, however, we believe deficiencies in trial counsel's performance infringed upon the appellant's right to a fair trial. We therefore reverse and remand for a new trial.
To prevail on a claim of ineffective assistance of counsel, the appellant must demonstrate that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because we find merit only in the appellant's claim that trial counsel was ineffective in failing to object to testimony vouching for the credibility of the child victim, we limit our discussion to that point.
It is error to admit the testimony of a witness that is offered to vouch for the credibility of another witness. Norris v. State, 525 So.2d 998 (Fla. 5th DCA 1988); see also Francis v. State, 512 So.2d 280 (Fla. 2d DCA 1987)(testimony of expert witness cannot be used to vouch for credibility of another witness). The credibility of witnesses is for the jury to decide. 525 So.2d at 999. In this case, trial counsel failed several times to object to testimony that vouched for the credibility of the child victim. We must determine whether trial counsel's failure to object constituted deficient performance and, if so, whether the outcome of the proceedings would have been different but for such deficiency. Strickland, 466 U.S. at 693, 104 S.Ct. at 2067-68.
At the evidentiary hearing, trial counsel testified that there was no tactical reason to refrain from objecting to testimony regarding the child victim's credibility. In addition, our review of the record has revealed nothing that would support such a tactical decision. Thus, the appellant has overcome the presumption that trial counsel's failure to object may have been sound trial strategy. See 466 U.S. at 689, 104 S.Ct. at 2065.
We are concerned with testimony that was given by Dr. Joseph Crum, and the child victim's mother, grandmother, and great-grandmother. Dr. Crum, a psychologist who examined the child in this case, testified for the state that he has previously assessed children whom he has found to be not credible. He testified that in such cases he has advised the State Attorney's Office that the child was not credible, but not in this case. Trial counsel did not object to this testimony. During closing arguments, the prosecutor referred to Dr. Crum's testimony in the following manner:
Dr. Crum's opinion was that he had no reason to believe that [the child victim] wasn't telling the truth. Dr. Crum does this all the time. He gets up here and testifies in Court. He testifies or he tells the State Attorney's Officehe has testified that he has informed the State Attorney's Office on previous occasions when he believed a child was not telling the truth. It did not happen in this case; he did not tell the State Attorney's Office that. Quite to the contrary, he said he believed the child was telling the truth. That's what his job is. He went to all those schools. He has all that experience with working with children; that's his job.
Trial counsel did not object to this argument.
In Price v. State, 627 So.2d 64 (Fla. 5th DCA 1993), the Fifth District held that a line *569 of questioning that resulted in a clear impression that a counselor believed the victim was telling the truth constituted an impermissible vouching for the victim's credibility. In that case, the counselor testified that the child victim had attended over twenty one-hour sessions, and that children who are lying lose interest in the sessions. The counselor testified that children had come in and told her that they are lying to keep from going to sessions, but that the child victim had never done that. As in Price, we believe the instant testimony created the clear impression that Dr. Crum had found the child victim crediblean impression that was solidified during the state's closing argument.
In its order denying postconviction relief, the trial court found that trial counsel had preserved for appellate review the issue regarding Dr. Crum's testimony. At the pretrial hearing on the admissibility of hearsay statements, trial counsel argued that Dr. Crum could not testify as to whether the child was telling the truth because he had spent insufficient time with the child and the interview took place six months after the incident for which the appellant was charged. Trial counsel also made an oral pretrial motion in limine to preclude Dr. Crum from testifying as to whether the child victim was telling the truth. The motion was denied. In addition, during the state's cross-examination of the appellant, trial counsel objected when the prosecutor claimed Dr. Crum had testified the child was telling the truth. Trial counsel did not, however, renew the motion in limine or otherwise object at the time Dr. Crum testified or during closing argument; thus, the objection was not preserved. See Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283 (Fla. 1st DCA 1993). Moreover, on direct appeal, the state argued that trial counsel's objections were insufficient to preserve the issue for review.
Even if trial counsel had preserved the issue with regard to Dr. Crum, counsel failed to object to testimony given by the child's mother and grandmothers. The child's mother testified that, after the child related the incident to her, she asked him if it really happened and she looked him right in the face "because when you look him in the face you can tell." She also testified that the child does not make up stories and then stick with them. The child's grandmother testified that the child may tell lies about small things, such as whether he has eaten all his food, "but never would he lie. We try to stress to him to tell the truth." And the child's great-grandmother, when asked if the child had been injured in the incident, stated, "[The child] injured? Why, he wouldn't lie."
In addition, several times during the state's crossexamination of the appellant, the prosecutor asked the appellant if state witnesses had been lying during their testimony. The prosecutor also elicited testimony from the appellant that, from the victim's voice, it sounded as if he was telling the truth on his tape-recorded statement to police. Trial counsel did not object to those questions. In Mosley v. State, 569 So.2d 832 (Fla. 2d DCA 1990), this court held that it was improper to ask a defendant at trial whether previous witnesses had been lying. In the instant order denying postconviction relief, the trial court ruled that Mosley had not been decided at the time of the appellant's trial, so trial counsel was not ineffective in failing to object. Mosley, however, relied on Boatwright v. State, 452 So.2d 666 (Fla. 4th DCA 1984), wherein the Fourth District held that it is an invasion of the jury's exclusive province for one witness to offer his personal view on the credibility of a fellow witness. In the absence of a conflicting appellate decision, circuit courts of this district must apply the controlling case law announced by another district court. In re E.B.L., 544 So.2d 333 (Fla. 2d DCA 1989).
In determining whether trial counsel was ineffective, we find Norris v. State, 525 So.2d 998 (Fla. 5th DCA 1988) and Henry v. State, 652 So.2d 1263 (Fla. 4th DCA 1995) instructive. In Norris, the appellant's conviction for capital sexual battery was reversed and the case was remanded for new trial. The only direct evidence against the appellant was the testimony of the child victim. A social worker testified that she had somehow scientifically validated the child's testimony. The Fifth District held that this testimony was so damaging to the appellant's case as to deny him a fair trial and trial counsel was *570 ineffective in failing to object. 525 So.2d at 999. In Henry, the Fourth District reversed the appellant's conviction and remanded for a new trial holding that trial counsel was ineffective. There, counsel called a witness to testify at trial without having interviewed the witness, failed to object to the investigating officer's testimony that she believed the victim was telling the truth due to her body language, and failed to object to improper comments during closing argument.
Similarly, in this case, trial counsel's failure to object to the testimony and comments regarding the child victim's credibility constituted ineffective assistance of counsel. The victim's credibility was the pivotal issue in the case. The only evidence that corroborated his statement was his grandmother's testimony that his back was bruised and his penis was red, swollen and badly bruised on the day after the incident. The victim's pediatrician, however, testified that when she examined the victim one and one-half days later, she noted no bruising, redness or swelling. Because the child victim's credibility was the determinative issue at trial, trial counsel should have objected to testimony and comments vouching for his credibility. Given the significance of the issue, we must conclude there is a reasonable probability that, but for trial counsel's omissions, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. We therefore reverse the appellant's judgment and sentence, and remand for a new trial.
Reversed.
THREADGILL, C.J., and PATTERSON and WHATLEY, JJ., concur.