PER CURIAM.
Defendant Jose Hidalgo, Sr. appeals the denial of his postconviction motion in which he collaterally attacks his convictions and sentences contending that the circuit court erred when it concluded that Hidalgo’s trial counsel’s performance was not so seriously deficient that he was effectively without counsel and that there is not a reasonable probability that the outcome of the trial would have been different (in his favor) had his trial counsel performed in the fashion Hidalgo suggests.[1] We reverse and remand.
By a series of informations, Hidalgo was charged with multiple counts of sexual battery and extortion (for sexual favors) on his stepdaughter. The sexual batteries were alleged to have taken place between June, 1976 and June, 1983. The State’s case rested on the testimony of the stepdaughter (an adult at the time of her testimony at trial). Hidal-go testified in his defense that his stepdaughter consented to the sexual conduct with which he was charged. Credibility was thus the major consideration.
Prior to trial, the State filed a notice in limine indicating that it intended to rely on Dr. Leonard Haber as an expert witness in the field of psychology to testify that the stepdaughter suffered from battered woman’s syndrome. Hidalgo’s trial counsel moved to prohibit this testimony. At the hearing on the defense motion, the State proffered its intent to have Dr. Haber testify (1) that the stepdaughter’s symptoms were consistent with sexual abuse; (2) that the symptoms indicated learned helplessness, a component of battered woman’s syndrome; and (3) that the stepdaughter had signs of mental disorder symptomatic of the abuse. The trial court found that anything probative as to the battered woman’s syndrome would be outweighed by its prejudicial effect and that admitting such testimony would be taking the issue of credibility away from the jury. The defense motion to exclude Dr. Haber’s testimony was granted.[2]
At the trial, however, the State called Dr. Haber to the stand, without objection from Hidalgo’s trial attorney. Dr. Haber testified to the same matters that had been excluded by the granting of the pretrial motion, opining that the stepdaughter’s symptoms were those of a sexual abuse victim; that she *1144 suffered from learned helplessness; and that she was not mentally ill but suffering from disturbance because of chronic victimization. Although Hidalgo’s trial counsel raised a number of objections during Dr. Haber’s testimony (“hearsay,” “no proper predicate,” etc.), inexplicably he failed to bring to the trial court’s attention the pretrial order excluding such testimony. Effectively, Dr. Haber was permitted to tell the jury, backed by the aura of his expertise, that in his professional opinion the stepdaughter was telling the truth, i.e., that she had not consented to the sexual conduct.
We conclude that Hidalgo s trial attorney’s failure to seek enforcement of the order granting the motion excluding Dr. Haber’s testimony constituted ineffective assistance of counsel. The critical issue at trial was consent and the jury’s decision thereon was controlled by their measuring the credibility of the stepdaughter and of Hidalgo. Dr. Haber’s testimony was a thumb on that scale. Hidalgo’s trial attorney had resolved that issue by obtaining the exclusionary order, but wasted the result by faffing to seek its enforcement. Given the significance of the issue, we conclude that there is a reasonable probability that the result of the trial would have differed had the trial attorney sought enforcement of the order.
We reverse the convictions and sentences and remand for a new trial.

. Which is the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which must be met to be successful on a claim of ineffective assistance of counsel.

. The trial court's decision on the motion was supportable at the time it was made. See Norris v. State, 525 So.2d 998 (Fla. 5th DCA 1988). At the time of trial (Sept.1991), the only cases allowing syndrome evidence involved the testimony of children. E.g., Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), dismissed, 507 So.2d 588 (Fla.1987). As noted, the stepdaughter was an adult at the time she testified. Today the trial court's exclusionary order would be correct whether the stepdaughter testified when she was a child or when she was an adult. See Hadden v. State, 22 Fla. L. Weekly S55, - So.2d - (Fla. Feb. 6, 1997).