IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

September 12, 2014

HENRY KEITH CAVALIERE,              )
                                    )
            Appellant,              )
                                    )
v.                                  )          Case No. 2D13-2452
                                    )
STATE OF FLORIDA,                   )
                                    )
            Appellee.               )
_____    )


BY ORDER OF THE COURT:


        Appellee's motion for rehearing is granted in part and denied in part; appellant's

motion for rehearing is denied.  The prior opinion dated July 18, 2014, is withdrawn, and

the attached opinion is issued in its place.  No further motions for rehearing will be

entertained.



I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



JAMES BIRKHOLD, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


HENRY KEITH CAVALIERE,          )
                                )
          Appellant,            )
                                )
v.                              )     Case No. 2D13-2452
                                )
STATE OF FLORIDA,               )
                                )
          Appellee.             )
                                )
_____)

Opinion filed September 12, 2014.

Appeal from the Circuit Court for Pinellas
County; Michael F. Andrews, Judge.

J. Andrew Crawford of J. Andrew Crawford,
P.A., St. Petersburg, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


CRENSHAW, Judge.

          Henry Keith Cavaliere appeals his conviction and sentence for lewd and

lascivious molestation on a person less than sixteen years of age.  He raises seven

issues on appeal; we affirm on five of them without comment.  But because the trial

court erred in allowing testimony that bolstered the credibility of certain witnesses and

allowed a prejudicial video to be admitted into evidence and played at trial, we reverse and remand for new trial.

**Background**

Cavaliere was charged after the alleged victim, C.S., accused him of sexual misconduct. C.S. decided to come forward after watching a Hollywood film with her mother and friend per her mother's direction: the film focuses on a teenager who was sexually battered after meeting an online predator. After reporting Cavaliere's purported conduct to the friend with whom she watched the film, C.S. then spoke with her teacher. A detective interviewed C.S. and at trial, he testified to his interactions with C.S. as he learned her story; C.S.'s teacher testified about C.S.'s revelation to her of the conduct and C.S.'s demeanor thereafter.

**Discussion**

Florida's appellate courts have discussed credibility contests between victims and defendants and the harmful effect of law enforcement bolstering a victim's testimony. As the Third District has stated:

> [T]he police detective's response served to bolster the victim's credibility, and the admission of this testimony constituted reversible error. If the trial court had sustained the objection and immediately given a curative instruction, perhaps the damage could have been mitigated, but by overruling the objection, the jury was left with the impression that it could properly take into account the detective's opinion. In Perez v. State, 595 So. 2d 1096, 1097 (Fla. 3d DCA 1992), we stated that errors committed from the improper admission of a police officer's testimony that can be used to bolster the credibility of a victim's trial testimony cannot be deemed harmless. See also Rodriguez v. State, 842 So. 2d 1053, 1054 (Fla. 3d DCA 2003) (where we stated that "in cases such as this where the case consists of a credibility contest between the victim and the defendant, the error is not harmless.").

Lee v. State, 873 So. 2d 582, 583-84 (Fla. 3d DCA 2004). This court has long-recognized similar harm as discussed in Lamb v. State: "In reversing Brown's conviction and awarding him a new trial, we stated the police officer's testimony 'had the immediate effect of putting a cloak of credibility upon the succeeding testimony of the mother and the victim.' " 357 So. 2d 437, 438 (Fla. 2d DCA 1978) (quoting Brown v. State, 344 So. 2d 641, 643 (Fla. 2d DCA 1977)).

Although the prohibitions on civilians vouching for a victim's credibility have not been treated as harshly by the courts, such testimony can still be harmful error:

> It is error to admit the testimony of a witness that is offered to vouch for the credibility of another witness. . . .
> . . . .
> . . . Because the child victim's credibility was the determinative issue at trial, trial counsel should have objected to testimony and comments vouching for his credibility.

Rhue v. State, 693 So. 2d 567, 568, 570 (Fla. 2d DCA 1996).

This case, like Lee, Lamb, and Rhue, turns on the credibility of the victim, in this case, a child. "The credibility of witnesses is for the jury to decide." Rhue, 693 So. 2d at 568. In this case, the detective and C.S.'s teacher vouched for C.S.'s credibility, usurping the jury's role. See id. The detective testified to his training in kinesics then testified that "Kinesics is basically you're a parent and you know your child did something wrong, you could read it. You could look at him and say, 'John, you took the cookie out of the cookie jar.' Certain movements and mannerisms—." He then told the jury what truth qualification is: "Basically it establishes if the child has kind of a grasp what the truth is." Most importantly, the detective then stated that the victim "had

previously been truth qualified by the deputy.  But not only that, her age at the time was eleven and by looking at her and kind of getting a feel for her I could tell that, you know, she was—she was acting appropriately.  This wasn't a joke to her."  Defense counsel made a proper objection and moved for mistrial; the court overruled the objection and denied the motion.  The same error as in <u>Lee</u> was duplicated here: a law enforcement witness vouched for a victim and the court overruled the objection.  873 So. 2d at 583-84.  Because the court did so, there was no opportunity for counsel to request a curative instruction.  There was therefore no opportunity to mitigate the damage done.  And C.S.'s teacher's testimony that C.S. "was happy.  She was smiling.  Happier I should say.  She seemed like a ton of bricks was, you know, lifted off her shoulder.  She was relieved.  Big difference since that day that she told me what she told me" compounded the error by further vouching for the witness.  Because the primary evidence against Cavaliere was the victim's testimony, we cannot say that the State has proved beyond a reasonable doubt that the error was harmless.  <u>See</u> <u>Geissler v. State</u>, 90 So. 3d 941, 948 (Fla. 2d DCA 2012) (citing <u>State v. DiGuilio</u>, 491 So. 2d 1129, 1138 (Fla. 1986)).  Accordingly, we reverse and remand for new trial.

We also take this opportunity to comment on an error in admitting the video clip at trial.  The State showed a several-minute clip of a Hollywood-made film to the jury.  The clip, though not explicit, showed a teenage girl interacting in an intimate way with an older man she met online and who made sexual advances toward her; it can be inferred from the off-screen conduct that what occurred was a nonconsensual sexual battery of the teenage girl.  C.S. viewed this film in its entirety with her mother

- 4 -

and friend. It was after watching this film that C.S. first divulged the conduct giving rise to these proceedings.

"Relevant evidence is evidence tending to prove or disprove a material fact[; a]ll relevant evidence is admissible, except as provided by law." §§ 90.401-.402, Fla. Stat. (2012); Wright v. State, 19 So. 3d 277, 291 (Fla. 2009) ("The prerequisite to the admissibility of evidence is relevancy. All evidence tending to prove or disprove a material fact is admissible, unless precluded by law."). Section 90.403, which provides that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence," operates as just such a preclusion. See Wright, 19 So. 3d at 291 (quoting § 90.403). The probative value of the video clip was related to being the spark for C.S.'s revelation of Cavaliere's alleged conduct. It was adduced in response to defense counsel's questioning C.S. whether she told her friend—while watching the film—that the events in the movie may have happened to her when she was younger. But C.S.'s testimony that she watched the film and that the film gave her the idea to come forward easily would have sufficed to describe the circumstances as C.S. saw them and to rebut the defense's assertions. But instead, the video, depicting only the circumstances of a dissimilar predatory sexual battery, was admitted into evidence and shown to the jury. In this case the probative value of the video was low and the prejudice and risk of confusion of the issues was great; thus, the court erred in allowing the admission of the video. Cf. Banks v. State, 46 So. 3d 989, 998-99 (Fla. 2010) (holding there was no error in admission of highly probative soundless surveillance video despite prejudice of showing a violent but short-lived crime occur);

<u>Singleton v. State</u>, 783 So. 2d 970, 976 (Fla. 2001) (holding there was no error in admission of highly probative video despite prejudice of showing defendant in prison uniform).[1]

In allowing prejudicial evidence in this case, the court committed harmful error. Accordingly, we reverse and remand for new trial.

Reversed; remanded for new trial.

NORTHCUTT and KELLY, JJ., Concur.

---

[1]Although the error is particularly problematic in this case where only the prejudicial clip was shown, the rule of completeness, <u>see</u> § 90.108, provides no remedy because it is designed to alleviate the prejudice emanating from usage of an excerpt of a recorded statement, including videos; it neither adds probative value to the evidence nor does it reduce the harm flowing from the evidence *itself*.