PARKER, Judge.
Reginald Hall appeals his conviction for aggravated battery without a firearm. We conclude that the trial court committed reversible error in allowing certain hearsay testimony.
The state charged Hall with robbery with a firearm and aggravated battery (deadly weapon). James Ward, the victim, testified at trial to the following facts. Hall pistol-whipped him outside a convenience store at 2:30 a.m. He suffered a head wound which required eighteen stitches. Hall also took two gold chains and seventy dollars from him during the crime. A store clerk came out when he heard Ward’s screams. Hall then got in his van and drove away. The jury found Hall not guilty of robbery with a firearm and guilty of aggravated battery without a firearm.
Hall challenges his conviction for aggravated battery without a firearm, arguing that the trial court erred in allowing a detective to testify over objection that the store clerk identified Hall’s van from a photograph taken after the crime. Detective Payne, the investigating officer of this crime, testified that he showed the clerk a photograph of Hall’s van and that the clerk identified it as having been the van at the store that night. The clerk was not a witness at the trial because his whereabouts were unknown.
We agree with Hall that Payne’s testimony about the clerk’s identification of the van was inadmissible hearsay. “ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Section 90.-801, Fla.Stat. (1991). Payne’s statement regarding the clerk’s identification of the van was an out-of-court statement made by a person not testifying at trial. Thus, it meets the first criterion for hearsay. The second criterion is whether the testimony was offered to prove the truth of the matter asserted. The state contends that the *1133 challenged statement was for the purpose of showing the-jury the logical sequence in focusing the investigation upon Hall. This argument has no merit. The victim knew Hall well. Ward had dated Hall’s cousin and had known Hall for ten years. Ward told the police that it was Hall who allegedly battered him. The victim’s statement focused the investigation on Hall, not the identification of Hall’s van. Further, the reason the detective focused on Hall as a suspect was not probative to any material fact at issue. See Hayes v. State, 581 So.2d 121 (Fla.) cert. denied, — U.S. -, 112 S.Ct. 450, 116 L.Ed.2d 468 (1991). The purpose of the statement was to prove the fact that the van was at the scene of the crime. This testimony was hearsay. Further, no exceptions to the hearsay rule apply.
The state argues in the alternative that the error was harmless. In addition to the clerk’s identification of the van, the only other evidence linking Hall to the crime was the victim’s testimony. Apparently the jury did not believe fully the victim’s testimony because the jury acquitted Hall of robbery even though the victim testified that Hall took two gold chains and seventy dollars. The jury also must have disbelieved the victim that Hall beat him with a firearm because the jury did not find Hall guilty of aggravated battery with a deadly weapon. Furthermore, the fact that the clerk was unavailable for cross examination made it impossible for the jury to determine the reliability of the identification. Based on these observations, it cannot be said that the detective’s hearsay statement did not contribute to the verdict. Accordingly, Hall’s conviction for aggravated battery without a firearm must be reversed.
Reversed and remanded for a new trial.
DANAHY, A.C.J., and SCHOONOVER, J., concur.