PARKER, Judge.
T.S. appeals an adjudication that he committed the offenses of a lewd act in the presence of a child and incest. We reverse based on the trial court’s errors in admitting hearsay evidence of the alleged sexual activity.
*605 T.S. argues that the trial court committed reversible error in admitting three hearsay statements. The first statement that T.S. challenged was the testimony of Dale Lively, an employee with the child protection team, that Mary Hill, the grandmother of the alleged victim and appellant, contacted the office of the child protection team and stated that a child had sexual activity with her brother. The second statement challenged was Lively’s testimony that Hill stated that Planned Parenthood attempted to call the incident into the abuse registry, but the case was refused because the alleged perpetrator was a juvenile. The third statement that T.S. challenged was Lively’s testimony that the victim admitted to her that she had sexual intercourse with T.S. The defense attorney lodged objections to all of these statements.
We agree that the first two statements are hearsay. See § 90.801(1)(e), Fla. Stat. (1991). Even though Hill did testify at trial, the statements still are considered hearsay because they meet none of the requirements of section 90.801(2), Florida Statutes (1991). .Further, no exceptions to the hearsay rule apply. See § 90.803, Fla.Stat. (1991). Out-of-court statements made by a third party to an investigator about a matter relevant to the investigation is inadmissible hearsay unless a hearsay exception applies. Young v. State, 598 So.2d 163 (Fla. 3d DCA 1992).
The third statement also is hearsay. The alleged victim testified at trial. She admitted that she told a child protection team member that T.S. had sex with her. The alleged victim said that she was lying when she made that statement. She denied that she had sex with T.S. Even though her statement to Lively was inconsistent with her trial testimony, it still is considered hearsay because the prior statement was not a sworn statement nor was it made during a trial, hearing, other proceeding, or in a deposition as required by section 90.801(2)(a).
The state argues for the first time on appeal that the child-victim statement hearsay exception contained in section 90-803(23) applies. The statement cannot be admissible under that hearsay exception because none of the safeguards contained in that section were followed. First, the state did not notify the defendant ten days prior to trial that the statement would be used as required by section 90.803(23)(b). Further, the trial court neither conducted a hearing nor made the findings required by section 90.803(23)(a). It cannot be argued that T.S. failed to preserve this issue for appeal by failing to object in the trial court because the state never proffered the statement as being admitted pursuant to the child-victim hearsay rule. This statement, therefore, was not admissible as substantive evidence. Further, Lively’s testimony could not be presented for impeachment purposes because the alleged victim admitted in her testimony prior to Lively’s testimony that she had made the prior inconsistent statement. See Jennings v. State, 512 So.2d 169 (Fla.1987), cert. denied, 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988).
The admission of these three hearsay statements cannot be considered harmless error. First, the state had the burden of proving that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The state has made no argument on appeal that the error was harmless. Even if the state had attempted to show harmless error, a review of the record shows that it cannot be said that the error did not contribute to the verdict. Disregarding Lively’s inadmissible hearsay statements, the only evidence that T.S. committed the crimes of lewd act in the presence of a child and incest is the testimony of the police detective that T.S. admitted that he had sexual intercourse with the victim. This statement could not be the sole basis for the conviction in that there must be prima facie evidence of the crime charged independent of the defendant’s admission. See Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990), review denied, 581 So.2d 167 (Fla.1991). If the trial court had ruled correctly on the hearsay objections to Lively’s testimony, the only evidence to support the offenses was T.S.’s admission. Based on these observations, the error was not harmless.
*606 We reverse the adjudications and remand for proceedings consistent with this opinion.
RYDER, A.C.J., and BLUE, J., concur.