624 So.2d 836 (1993)
Bienvenido ESCOTO, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1347.
District Court of Appeal of Florida, Fifth District.
October 1, 1993.
*837 Thomas M. Matthews, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Escoto appeals from his conviction of two counts of sexual battery of a child under twelve years of age.[1] He was sentenced to two consecutive life terms, each carrying a minimum mandatory sentence of twenty-five years. Escoto argues he is entitled to a new trial because the trial court improperly allowed a state witness (Dr. Kesler) to testify that the child victim told him Escoto sexually battered her on numerous occasions while she was being "baby-sat" by Escoto's wife. The state made no effort to have the victim's statements to Dr. Kesler admitted pursuant to section 90.803(23). We reverse.
In this case, the sexual batteries allegedly took place between January 1988 and April 1989 when the victim was four and five years old. In 1991, the child told her mother about the abuse, after the family was no longer using Escoto's wife as a baby-sitter. Dr. Kesler is a pediatrician/consultant member of the child protection team, who was called upon to examine the child, after her mother reported the suspected abuse to the Department of Health and Rehabilitative Services.
Dr. Kesler testified as to the results of his physical examination of the child, but he also testified what the child said to him regarding Escoto and the sexual abuse.[2] Defense counsel objected to Dr. Kesler's testimony about the "history" given him by the child on the ground it was hearsay. The trial court overruled the objection, and allowed the testimony to be presented at trial. Clearly Dr. Kesler's repetition of the child's out-of-court statements was hearsay.[3]
The state asserts that Dr. Kesler's testimony can be admitted under another hearsay exception, as a statement made for the purpose of medical diagnosis or treatment. § 90.803(4), Fla. Stat. (1987). The Florida Supreme Court has recently rejected that view. In State v. Jones, 625 So.2d 821 (Fla. 1993), the court held that statements of a child victim identifying the perpetrator of sexual battery, made to a physician, are not pertinent to diagnosis or treatment and they can only be admitted pursuant to the safeguards and procedures outlined in section 90.803(23).
In the Jones case, the court did not reverse for a new trial because it concluded the hearsay statement could be admitted under still another hearsay exception, a prior consistent statement by the child to rebut a charge of recent fabrication and improper influence. § 90.801(2)(b), Fla. Stat. (1987). However, there was no recent fabrication charge put forward by the defense in this case. We cannot say the error in this case was harmless, since there was only Escoto's word against the child's. See T.S. v. State. Compare A.M. v. State, 574 So.2d 1185 (Fla. 3d DCA 1991).
REVERSED and REMANDED for new trial.
HARRIS, C.J., and PETERSON, J., concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1989).
[2] Kesler testified as follows:

[T]he child did tell me this happened on a number of occasions ... had been taken into the back room at the babysitter's home, and that he put his "Tee-Tee" which she described as a term for penis, between her legs. And, the child did state to us that white stuff, material had come out of his tee-tee, and it was all over her.
And the child stated to us that it happened on numerous occasions. And that on one incident the babysitter's wife had walked in on these events but did not do anything about that.
The child did tell us that she had brought these facts known to the Mom, but not, something had not been done immediately about those events.
[3] See T.S. v. State, 623 So.2d 603 (Fla. 2d DCA 1993).