627 So.2d 64 (1993)
Peter A. PRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1657.
District Court of Appeal of Florida, Fifth District.
November 19, 1993.
*65 Paul J. Dubbeld, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
Peter A. Price appeals his conviction on two counts of sexual activity with a child by a person in familial or custodial authority. Although he raises several grounds for reversal, we find only two that merit consideration.

DEFENDANT'S ADMISSION
The investigating officer was permitted to testify, over objection, about his conversation with the mother of the victim concerning her encounter with the defendant:
She advised me that right at first he did not  that he did not deny the allegations, but he also did not admit them. And then as I continued to speak with her she related to me that later on further inquiring, keeping with the investigation herself, that her husband he did admit to her that the sexual abuse did happen. In fact, happened but was no longer occurring.
Price contends that the court erred in permitting this testimony without a Richardson inquiry because of the State's violation of Florida Rule of Criminal Procedure 3.220(b)(1)(C):
(b) Prosecutor Discovery Obligation
(1) [T]he prosecutor shall disclose ...
(c) [T]he substance of any oral statements made by the accused including a copy of any statements contained in police reports or report summaries ...
In responding to the demand for discovery, the State did not indicate that the defendant had made any oral statements. It did, however, supply the investigating officer's report that indicated "[Mrs. Price] also advised that [the defendant] did not deny the statements made by [the victim] when confronted by her." The trial court ruled that this report satisfied the rule requirement that the State provide the "substance" of any oral statement made by the defendant. We disagree. This conclusion and the court's subsequent failure to conduct a Richardson inquiry constitute reversible error.
The defendant clearly had no notice that the State intended to present testimony indicating he had admitted to his wife that he had sexually abused their daughter.[1] A failure to deny simply does not carry the same evidentiary weight as an outright admission. Admittedly, this court has stated that "When it can be shown that in the context in which a statement was made it was so accusatory in nature that the defendant's silence may be inferred to have been assent to its truth." Privett v. State, 417 So.2d 805, 806 (Fla. 5th *66 DCA 1982). Yet such a failure to deny requires the jury to draw an inference of admission, an inference which the defense may be able to rebut. In this case, however, no inference was required because the officer testified to an outright admission. The State's failure to give the defendant notice of the alleged admission constituted a discovery violation, and the trial court's failure to conduct a Richardson inquiry as to whether the defendant was prejudiced by that violation requires a new trial. Smith v. State, 500 So.2d 125 (Fla. 1986).

EXPERT'S TESTIMONY AS TO TRUTHFULNESS OF VICTIM'S STATEMENTS
Price contends that an expert witness was improperly permitted, in essence, to testify as to the truthfulness of the victim's testimony contrary to Tingle v. State, 536 So.2d 202 (Fla. 1988).
This is the testimony:
Q. And in this particular case involving Barbara you had an opportunity over a period of one year to have in excess of 20 one hour sessions with her, is that correct?
A. Yes.
Q. Have you had incidences where children of  that have alleged sexual abuse have  that have not been telling you the truth, have had that kind of steadfastness?
[DEFENSE COUNSEL]: That's outside the scope of her expertise.
THE COURT: Overruled.
Q. Do they stay with you if they are lying?
A. No. No. They don't. They lose interest.
[DEFENSE COUNSEL]: Your Honor, I object. This witness is not qualified to tell us if somebody is lying or not.

[THE STATE]: Your Honor, she has been qualified to give her opinion on it. (emphasis added)
THE COURT: The question that was asked is simply her experience. I will let her testify as to what she has observed in her experience.
[DEFENSE COUNSEL]: But the objection is [to] the underlying predicate of the question, that is, that somebody is lying. This witness has no conceivable fashion or way of knowing if a person is lying.
THE COURT: Overruled.
Q. Have you had children that have actually come in and told you that they were lying?
A. Yes.
Q. In order to keep from having to go to these sessions?
A. Yes.
Q. Did Barbara ever do that?
A. No.
Q. Based upon your education, knowledge and experience and the time that you have spent, in excess of 20 to 25 hours with Barbara Price, do you have an opinion as to whether Barbara Price has been sexually abused?
A. It's my opinion that she has been abused.
It is true that the State's wrap-up question was couched in language attempting to comply with Glendening v. State, 536 So.2d 212, 220 (Fla. 1988):
A qualified expert may express an opinion as to whether a child has been the victim of sexual abuse.
However, it is clear that the State posed carefully crafted questions regarding the counselor's experience as to the credibility of other children and interspersed questions regarding the victim among these "experience" questions. The juxtaposition of these questions resulted in a clear impression that the counselor believed the victim was telling the truth. The colloquy between defense counsel and the State (underlined above) further reinforced this impression. Although the State's final question was permissible, when examined in its totality, this testimony constituted an impermissible vouching for the victim's credibility, thus violating the supreme court's admonition in Tingle v. State, 536 So.2d 202, 205 (Fla. 1988):
As guidance to the state on retrial, we adopt the position taken by the Eighth *67 Circuit Court of Appeal in Azure.[2] We agree with the Azure court that, in cases such as this, "some expert testimony may be helpful, but putting an impressively qualified expert's stamp of truthfulness on a witness' story goes too far." (Citation omitted.)
REVERSED and REMANDED for new trial.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] This is especially true in light of the fact that Mrs. Price expressly denied ever telling the investigating officer that her husband admitted sexually abusing their daughter. In fact, she testified that "He denied the fact that he was having any kind of sexual encounter with Barbara. He assured me there was nothing going on between them."
[2] United States v. Azure, 801 F.2d 336 (8th Cir.1986).