636 So.2d 572 (1994)
Timothy HITCHCOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1431.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
*573 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Timothy Hitchcock, defendant below, appeals his judgment and sentence for six counts of indecent assault on his minor stepson (the victim). We reverse Appellant's conviction because the trial court erred in admitting testimony bolstering the victim's credibility where credibility issues permeated the trial.
The objectionable testimony came from Sherri Bourg, a prison psychologist whom the trial court qualified as an expert in forensic psychology and child sexual abuse. Bourg witnessed the victim's medical exam and interviewed him with a police detective. Over defense counsel's hearsay objection, Bourg explained her understanding of the nature of the charges against Appellant:
In this case, I spoke to the mother and the child who reported to me that his stepfather had been molesting him and that the molestation involved the stepfather touching and rubbing his penis and sucking on his penis and also masturbating in front of the stepchild. So, the stepfather was masturbating in front of the child.
Appellant correctly argues that the trial court erred in overruling his objection to this testimony because it was inadmissible hearsay that improperly bolstered the victim's credibility. Given the significance placed on the victim's credibility, this error cannot be deemed harmless. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986).
Section 90.801, Florida Statutes (1993), defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The State argues that Bourg did not testify to any statement made by the victim and that the testimony was offered to show how Bourg determined what the allegations were and not to show the truth of the matter asserted. The State points out that Bourg did not comment on whether she believed that the allegations were true. In light of Florida *574 case law explained below, this argument is not persuasive.
In Escoto v. State, 624 So.2d 836 (Fla. 5th DCA 1993), the Fifth District reversed Escoto's conviction for sexual battery of a child because the trial court erred in admitting a physician's testimony concerning the victim's allegations. The court reasoned that "[c]learly Dr. Kesler's repetition of the child's out-of-court statements was hearsay." Id. at 837. The Escoto court could not say that the error was harmless because it was Escoto's word against the child's. See T.S. v. State, 623 So.2d 603 (Fla. 2d DCA 1993) (holding that error in admitting hearsay statements regarding alleged sexual activity with a minor was not harmless).
The facts of the present case parallel the facts of Escoto. Bourg's testimony was hearsay that the trial court should have ruled inadmissible. In the present case, Appellant contended that the victim fabricated the allegations against him so that Appellant would not continue to punish him for his rebellious behavior. Determining the victim's credibility was one of the jury's crucial functions. Because Bourg may have bolstered the victim's testimony, we cannot say beyond a reasonable doubt that the erroneous admission of Bourg's testimony did not contribute to the verdict. DiGuilio, 491 So.2d at 1135. The jury had to decide whether to believe the victim's testimony or that of his stepfather. No one else who testified at trial witnessed the alleged offense. There was no physical evidence supporting the victim's testimony, and no incriminating statements were made by Appellant. With this credibility determination at the heart of the trial, the improper admission of statements bolstering the victim's testimony constituted prejudicial error necessitating reversal. Accord, Lazarowicz v. State, 561 So.2d 392, 395 (Fla. 3d DCA 1990). To treat this evidence as merely cumulative of other testimony "would ignore the reality of the effect of repetitive assertions of a fact on the minds of jurors." Weatherford v. State, 561 So.2d 629, 633 (Fla. 1st DCA 1990) (erroneous admission of hearsay testimony bolstering victim's credibility required reversal). Accordingly, the trial court's admission of Bourg's corroborating hearsay testimony was erroneous and prejudicial. Therefore, we reverse Appellant's conviction and remand for a new trial.
In addition to Bourg's testimony improperly repeating the victim's specific allegations of sexual abuse, the following testimony should not have been admitted:
STATE: When the police question a witness such as Detective Niloff was doing, have you ever observed Detective Niloff ask a question that's not completely accurate as a test question for the child?
BOURG: Yes. I'm not sure if he's using [it] as a test question for the child, but sometimes... . Sometimes when anyone is conducting a child sexual abuse interview, you might be working on an assumption and you think you're going in the right direction. So, you ask a question and the child  that's not the direction the child is going in... .
STATE: Can you give me a specific example of how the child changes the direction?
BOURG: Sure. If the  When the detective would ask did he actually take your penis out of your pants, the child says no, he put his hands inside my pants. That would be an example of the child correcting an assumption that the detective was working on.
STATE: Okay. Were there any references as to whether the child was wearing zippered pants or whether the child was wearing shorts at the time the defendant's hands would go in the shorts?
BOURG: Yes, again the child corrected Detective Niloff and Detective Niloff asked about zippered pants or how did the pants come down, and actually, the child said, no, the pants didn't actually ...
[Hearsay objection was sustained.]
STATE: What does this validation or correction process indicate to you as a forensic psychologist? [].
BOURG: Well, it suggests some amount of assertiveness on the child's part that the child will correct an authority figure and police officers, often to children, are authority figures, that they'll correct them to make sure the detective understands exactly what happened in this case.

*575 STATE: Did you observe that conduct by [the victim in this case]?
BOURG: Yes, I did.
The State correctly points out that this issue has not been preserved for appeal, which precludes us from reversing on this point. Because defense counsel did not argue at trial that Bourg's testimony validated the victim's charges of sexual abuse and improperly bolstered the victim's testimony, Appellant cannot make that argument on appeal. Glendening v. State, 536 So.2d 212, 221 (Fla. 1988) ("In order for an argument to be cognizable on appeal, it must be the specific contention asserted as the legal ground for the objection below.").
In the event that this case is retried, we feel compelled to point out the trial court's error in allowing Bourg's bolstering testimony. A trial court has broad discretion in determining the range of subjects on which an expert witness may testify. Glendening, 536 So.2d at 220 (holding that trial court did not abuse its discretion in determining that an opinion as to whether the child was sexually abused was within the province of an expert in the area of interviewing children regarding the subject of child abuse). However, an expert witness may not directly vouch for the credibility of a witness. Feller v. State, 637 So.2d 911 (Fla. 1994) (psychologist's opinion that victim was telling the truth warranted reversal of sexual battery conviction); Tingle v. State, 536 So.2d 202, 205 (Fla. 1988); Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), cause dismissed, 507 So.2d 588 (Fla. 1987). Thus, the question here is whether Bourg's testimony was a direct comment on the victim's truthfulness. In fact, Bourg's testimony was improper if the juxtaposition of the questions the State asked Bourg gave the jury the clear impression that Bourg believed the victim was telling the truth. Price v. State, 627 So.2d 64, 66 (Fla. 5th DCA 1993).
In Price, an expert witness testified that the child victim had undergone more than 20 one hour sessions and that children lose interest earlier on if they are lying. The Price court held that this testimony, when examined in its totality, constituted an impermissible vouching for the victim's credibility. Id. Likewise, Bourg's comments that the victim's interview reflected an assertiveness and a desire to communicate exactly what happened gave the impression that Bourg thought the victim was telling the truth. Accordingly, the testimony was improper.
In light of the fact that Appellant's trial revolved around credibility issues, the judge's error in allowing Bourg's testimony was not harmless. The State's closing argument reflects the emphasis placed on Bourg's testimony: "Why is that crucial? Why is that important? It shows the 12 year old wanted to be factually, truthfully [sic]... . That's critical because the Defense wants you to believe that somehow this kid is lying and made all this up." Accordingly, if the case is retried, the trial court should not admit Bourg's testimony validating the victim's criminal charges against Appellant.
In conclusion, we reverse on the ground that the trial court erred in admitting Bourg's testimony repeating the victim's charges of sexual abuse. Because credibility issues permeated the trial, we conclude this testimony prejudiced Appellant by improperly bolstering the victim's credibility.
REVERSED AND REMANDED.
GUNTHER, PARIENTE and STEVENSON, JJ., concur.