RYDER, Acting Chief Judge.
T.S. challenges the trial court’s decision to retry him after a successful appeal and seeks review of his adjudication of delinquency after the retrial. We reverse because the evidence was insufficient to prove the crime for which T.S. was adjudicated delinquent.
We will first briefly address T.S.’s contention that a new trial was barred on double jeopardy grounds. In our previous decision, T.S. v. State, 623 So.2d 603, 605 (Fla. 2d DCA 1993) (‘T.S. (I)”), we reversed his adjudication of delinquency because the trial court improperly admitted three hearsay statements. When a reversal is based on the erroneous admission of hearsay, double jeopardy does not prevent a retrial. See McCarrick v. State, 553 So.2d 1373 (Fla. 2d DCA 1989) (reversal of an order revoking probation does not bar a second revocation hearing based on an affidavit alleging the same violation). T.S. incorrectly contends that our reversal in T.S.(I) was based on the insufficiency of the evidence. While we discussed the evidence presented at his first trial, it was only in the context of demonstrating that the admission of the three hearsay statements constituted harmful error.
In this appeal, however, we hold that the evidence was insufficient to sustain the adjudication of delinquency. The petition for delinquency alleged that T.S. had committed a lewd and lascivious act in the presence of his sister, a child under the age of sixteen, and had committed incest by knowingly having sexual intercourse with his sister. §§ 800.04 and 826.04, Fla.Stat. (1991). At the retrial, the children’s step-grandfather explained that on January 1, 1992, he observed T.S., who was fully clothed, in a bedroom with his sister, who was wearing a dress and whose underwear was around her ankles. A doctor who examined T.S.’s sister over a month later told the court that her hymen was absent, which indicated penetration with some object. A Naples police *1294 officer then testified that T.S. told him he had sexual intercourse with his sister. T.S. objected to the officer’s statement on the grounds that the prosecution had failed to lay a predicate for admission of the confession, that is, it had not presented evidence that a crime had been committed. After the sister’s grandmother testified to her age at the time of the offense, the state rested and T.S. moved for judgment of acquittal. The court denied the motion and adjudicated him delinquent.
Proof of corpus delicti is a prerequisite for the admission of a confession. Stone v. State, 378 So.2d 765 (Fla.1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980); Sciortino v. State, 115 So.2d 93 (Fla. 2d DCA 1959). The step-grandfather’s testimony and the doctor’s testimony did not provide adequate independent proof that a crime occurred. T.S.’s step-grandfather did not see him having intercourse with his sister or committing any act at all. The doctor’s testimony that the victim’s hymen had been penetrated did not establish that another person was responsible for the injury. He also did not connect the physical damage he observed in February to the alleged incident on January 1, 1992. T.S.’s sister did not testify at the retrial.
The state failed to prove the corpus delicti of either a lewd and lascivious act or of incest. Consequently, under Stone and Sciortino, the trial court erred in admitting T.S.’s confession. Without it, the evidence was insufficient to sustain the adjudication of delinquency. See also Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990), review denied, 581 So.2d 167 (Fla.1991) (a confession cannot be the sole basis for an adjudication; there must be prima facie evidence of the crime charged independent of the defendant’s admission). We therefore reverse and remand to the trial court to discharge T.S.
Affirmed in part, reversed in part and remanded.
DANAHY and PARKER, JJ., concur.