DAUKSCH, Judge.
This is an appeal from a judgment in a personal injury case.
This case began when appellants sued ap-pellees for the negligence of appellee, Sharon Mulligan, arising from her operation of a vehicle owned by appellee, John Mulligan, resulting in a head-on collision in which appellant, Valerie Hammond, sustained injuries. Appellant, Russell Hammond, also sued appellees for loss of consortium. In their answer to appellants’ complaint, appel-lees denied any negligence on their part raising as an affirmative defense the comparative negligence of appellant, Valerie Hammond. Appellee, Sharon Mulligan, later admitted that she was solely liable for the accident, so the issue before the jury was whether the negligence of Sharon Mulligan was the cause of appellant’s injuries. The jury returned a verdict in favor of appellees.
Appellants contend on appeal that the trial court erred by denying their motion for mistrial. The record shows that they moved for *855 a mistrial during the trial on the ground that appellees had, during their cross-examination of Dr. Roxy Marrese, appellant’s medical expert and treating physician, questioned Mar-rese as to a medical record pertaining to appellant’s office visit to Marrese on December 16, 1993. The record contains a reference to a tentative diagnosis by Dr. Jacques Caldwell following Caldwell’s examination of appellant as relayed by her to Marrese at the time of her visit.
We find that the trial court erred by denying appellants’ motion for mistrial on the ground that appellees’ cross-examination of Marrese concerning appellant’s statements to him pertaining to her visit with Caldwell was inadmissible hearsay not subject to any exception. See Hill v. State, 549 So.2d 179, 181 (Fla.1989); Minnis v. State, 645 So.2d 160, 161 (Fla. 4th DCA 1994); Hitchcock v. State, 636 So.2d 572, 573-574 (Fla. 4th DCA 1994); Escoto v. State, 624 So.2d 836, 837 (Fla. 5th DCA 1993); Hall v. State, 622 So.2d 1132 (Fla. 2d DCA 1993). See also § 90.801(1)(c), Fla.Stat. (1993); Peterka v. State, 640 So.2d 59, 68 (Fla.1994), cert. den., — U.S. -, 115 S.Ct. 940, 130 L.Ed.2d 884 (1995) (hearsay is a statement other than one made by declarant while testifying at trial offered to prove truth of matter asserted); Sibley v. State, 636 So.2d 893, 893-894 (Fla. 5th DCA 1994); Hitchcock, 636 So.2d at 573; Hall, 622 So.2d at 1132. Because the testimony became the focal point of the trial, as further evidenced by defense counsel’s comments in closing argument, the error is reversible. Contrary to appellees’ argument, the testimony did not show that appellant’s statements to Marrese, as her treating physician, pertaining to her visit with Caldwell were reasonably pertinent to his diagnosis or treatment of her following her accident. See Loper v. Allstate Ins. Co., 616 So.2d 1055 (Fla. 1st DCA 1993). We emphasize that “what is ‘reasonably pertinent’ to diagnosis and/or treatment is properly viewed from the perspective of the examining physician rather than the vantage point of an appellate court.” Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991), approved, in part, 625 So.2d 827 (Fla.1993). Accordingly, the judgment in favor of appellees is reversed and the cause remanded for a new trial.
REVERSED and REMANDED for a new trial.
COBB, J., concurs.
ANTOON, J., concurs and concurs specially with opinion, in which DAUKSCH, J., concurs.