637 So.2d 911 (1994)
Joseph FELLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 81771.
Supreme Court of Florida.
April 21, 1994.
Rehearing Denied June 21, 1994.
*912 Nancy A. Daniels, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief-Criminal Appeal, and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for respondent.
HARDING, Justice.
We have for review Feller v. State, 617 So.2d 1091 (Fla. 1st DCA 1993), in which the First District Court of Appeal certified two questions as being of great public importance:
DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR BY FAILING TO MAKE THE FINDINGS REQUIRED BY SECTION 92.53(1), FLORIDA STATUTES *913 (1989), PRIOR TO ALLOWING A CHILD WITNESS TO TESTIFY BY MEANS OF VIDEOTAPE?
Id. at 1094-95.
IF THE FAILURE TO MAKE THE FINDINGS REQUIRED BY SECTION 92.53(1), FLORIDA STATUTES (1989), IS FUNDAMENTAL ERROR, MAY THE REVIEWING COURT, AS AN ALTERNATIVE TO ORDERING A NEW TRIAL, REMAND TO THE TRIAL COURT FOR A DETERMINATION OF WHETHER THE RECORD BEFORE THE TRIAL COURT AT THE TIME OF ITS RULING SUPPORTED THE FINDINGS REQUIRED BY THE STATUTE?
Id. at 1095. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the first question in the negative. Based upon our answer to the first question, we need not reach the second question. We reverse Feller's conviction on other grounds.
Joseph Feller was charged with three counts of sexual battery, involving penial and digital penetration of the vagina, on a child less than twelve years old. Prior to trial, the State filed a motion to allow the videotaped testimony of the child victim, as opposed to live courtroom testimony. During a pretrial evidentiary hearing relating to this motion, the State presented the testimony of a clinical psychologist that the victim would suffer at least moderate emotional harm if she were required to testify in open court in the presence of Feller, who is her stepfather. Defense counsel objected on the basis that the videotaped testimony "violates the Sixth Amendment Right to confrontation ... the privilege of face-to-face confrontation." The state attorney responded that this Court had upheld section 92.53 as constitutional and noted the statutory requirement that specific findings be made by the court.[1] Defense counsel responded by asking "the court to allow Mr. Feller face-to-face contact with [the victim] during her testimony," without any specific reference to the statute. Defense counsel raised the same confrontation-right objection when the child's testimony was videotaped two months later. However, counsel failed to object when the videotape testimony was actually admitted at trial two months after the videotaping. After the verdict, defense counsel moved for a new trial claiming that the trial court "erred in its pretrial ruling allowing [the victim] to testify by means of video tape." The trial court denied the motion for new trial.
On appeal, the district court determined that Feller did not object to any lack of specificity in the judge's findings made under section 92.53. Thus, the court ruled that Feller "has not preserved [the] right to argue on appeal that [he] is entitled to a new trial by virtue of the trial court's failure to make the findings with the specificity required by section 92.53." 617 So.2d at 1094. However, the court certified the questions of whether failure to make the specific findings constitutes fundamental error and what is the proper remedy for failure to make the findings.
This Court recently addressed the same question of fundamental error as it relates to the specific findings required by section 92.54(5), Florida Statutes.[2]Hopkins v. State, 632 So.2d 1372 (Fla. 1994). In Hopkins, this Court held that failure to make the specific findings is not fundamental error. Id. We find that the reasoning of Hopkins applies equally in this case because the right of confrontation is implicated whether a witness testifies via closed circuit television as in *914 Hopkins or is permitted to give videotaped testimony as in this case. For the reasons expressed in Hopkins, we find that failure to make the findings required by section 92.53 does not constitute fundamental error. Thus, we answer the first certified question in the negative.
However, we do agree with the district court's conclusion that Feller failed to preserve this issue for appellate review. As we explained in Hopkins, an objection based on lack of confrontation necessarily involves objection to the factual findings which form the basis for the court's determination that a witness may testify outside the defendant's presence. Hopkins, 632 So.2d at 1374-77. However, unlike the defendant in Hopkins who renewed his objection at the time that the child testified via closed-circuit television, Feller failed to renew his confrontation clause objection when the child's videotaped testimony was actually offered at trial. Cf. Phillips v. State, 476 So.2d 194, 196 (Fla. 1985) (finding that even when prior motion in limine has been denied, failure to object at time collateral crime evidence is introduced waives the issue for appellate review).
Feller raises several other issues for review by this Court. Having jurisdiction on the basis of the certified questions, we have jurisdiction over all issues. Jacobson v. State, 476 So.2d 1282 (Fla. 1985); Savoie v. State, 422 So.2d 308 (Fla. 1982). We dispose of this case on a ground other than the certified questions, but address the videotape testimony issue to offer guidance on retrial.
Had this issue been preserved, we would reach the same conclusion as in Hopkins, namely that the trial court failed to make the specific findings required by the statute. 632 So.2d at 1376. In granting the state's motion to videotape the child's testimony in this case, the trial court stated:
I think I'm satisfied that [the psychologist's] testimony comports to the statute, that there is at least a substantial likelihood of  I believe it says even moderate [harm], is sufficient to allow the videotaping of the child; and therefore, I'm going to grant the state's motion to videotape the testimony of this child.
Although this commentary complied with the requirement that the court make a finding of substantial likelihood that the child would suffer moderate harm, it failed to satisfy the requirement that the court make specific findings of fact on the record to support the ruling. Failure to make the case-specific findings mandated by section 92.53 constitutes an independent ground for reversal. Leggett v. State, 565 So.2d 315, 318 (Fla. 1990) (citing with approval Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988)).
As Judge Zehmer pointed out in his dissent below, although the testimony of the psychologist is arguably sufficient to support the trial court's conclusion that the child would suffer moderate emotional harm is required to testify in court in Feller's presence, the court "made no specific findings of the underlying facts that support this ultimate conclusion." Feller, 617 So.2d at 1098 (Zehmer, J., dissenting). Judge Zehmer also noted that during cross-examination defense counsel demonstrated contradictions and conflicts regarding some of the psychologist's factual assertions. Id. A reviewing court cannot determine which of these facts the trial court relied upon in reaching the ultimate conclusion of harm to the child unless the trial court states on the record its findings as to pertinent evidentiary facts. Without such case-specific findings, a reviewing court cannot determine whether the judge made an individualized determination of necessity as to the child's videotaped testimony. As this Court explained in Leggett, if we were to look behind the judge's words and predicate our decision solely upon the sufficiency of the evidence, "we would not only be ignoring the clear and unequivocal directive of subsection 92.53(7), but also we would be construing the statute in a manner that could render it unconstitutional under Coy [v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988)]." 565 So.2d at 318.
Feller raises three other issues that the district court summarily affirmed without discussion. Feller, 617 So.2d at 1092. Feller claims that the trial court erred in admitting the following evidence: 1) opinion testimony *915 of the psychologist who interviewed the victim; 2) statements made by the victim to police officers and child abuse investigators; and 3) collateral crimes evidence. We find that reversal is required based upon two of these issues.
Over defense objection, psychologist Dr. Cheryl Harris twice stated her belief that the victim was telling the truth and had not fabricated her account of sexual abuse. Defense counsel originally objected when the state attorney asked Dr. Harris whether she found any indications of fabrication during her interviews with the victim. During a side-bar conference, the court determined that Dr. Harris could state her opinion that the victim was not fabricating, but could not address the truth of specific facts. When the state attorney resumed questioning, Dr. Harris stated, "[The victim's] concerned about being believed. I mean, she has, you know, on a couple of different occasions pleaded with me to believe her. I said, and you know, I do." Over defense objection, Dr. Harris responded to another question from the state attorney by again stating, "I believe her, I think that she  she's indicating that she has been sexually abused, and I think that she has been." An expert may not directly vouch for the truthfulness or credibility of a witness. State v. Townsend, 635 So.2d 949 (Fla. 1994); Tingle v. State, 536 So.2d 202 (Fla. 1988). As this Court explained in Tingle, "`some expert testimony may be helpful, but putting an impressively qualified expert's stamp of truthfulness on a witness' story goes too far.'" 536 So.2d at 205 (quoting United States v. Azure, 801 F.2d 336, 340 (8th Cir.1986)). This is especially true in this case where the child made inconsistent statements regarding the sexual abuse. Therefore, reversal is warranted on this point alone. See Weatherford v. State, 561 So.2d 629 (Fla. 1st DCA 1990) (finding reversible error in admitting testimony of child abuse interview expert vouching for child's truthfulness).
We also find that the trial court erred in admitting statements made by the victim to two police investigators and a child abuse investigator. Section 90.803(23), Florida Statutes (1989), creates a limited exception to the hearsay rule for reliable statements of child victims, eleven years or younger, which describe an act of child or sexual abuse. However, before a statement may be admitted under the statute, the trial court must conduct a hearing outside the presence of the jury and must find that "the time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(23)(a)1. The statute provides a non-exhaustive list of factors that the court may consider in making its determination of reliability, including "the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate." Id. The statute further requires the court to "make specific findings of fact, on the record, as to the basis for its ruling under this subsection." § 90.803(23)(c).
In the instant case, the trial court conducted the required hearing outside the presence of the jury. However, in response to defense counsel's argument that the victim's conflicting statements indicated the unreliability of the hearsay statements, the court made the following finding:
Well, I'm satisfied that  and I hate to just call on my personal experience on these kind of cases, but I don't think it's unusual that child victims have this kind of  this kind of testimony or these kind of changes in their stories. And it's pretty consistent  seems supportive of that, so on the truthfulness of the testimony  but, I think as far as reliability goes, I'm comfortable with it. And that's something that can be argued to the jury.
This statement does not satisfy the statutory requirement of specific findings of fact which are the basis for the court's ruling. Section 90.803(23)(c) envisions that the court will set forth the specific reasons that it relied upon and not merely recite the statutory requirements relating to reliability. Townsend, 635 So.2d at 957-958. In the instant case, the court did not indicate what circumstances it relied upon, but instead indicated that the statements were reliable based upon "personal experience" and intuition. Moreover, *916 contrary to what was indicated in this case, the court is charged with determining the reliability of the hearsay statements prior to their admission. It is not the jury's role to determine the reliability of hearsay statements.
Feller also asserts that the trial court erred in admitting collateral crimes evidence. During a pretrial hearing, the State proffered the testimony of another child that Feller had improperly touched her during a fishing trip. Defense counsel objected that the testimony was not sufficiently similar to constitute Williams[3] rule evidence and was being admitted solely to show Feller's bad character. The court ruled that the testimony was relevant Williams evidence and admissible "under the current state of the law." When the child's collateral crime testimony was introduced during trial, defense counsel raised no objection and thus did not preserve the issue for appellate review. Phillips, 476 So.2d at 196. We address the issue to offer guidance on retrial.
In Heuring v. State, 513 So.2d 122 (Fla. 1987), this Court recognized that in cases involving sexual battery within a familial situation, evidence of other sexual batteries on another family member could be admitted to corroborate the testimony of the victim that the defendant had committed the sexual abuse upon the victim. However, the charged and collateral offenses must "share some unique characteristic or combination of characteristics which sets them apart from other offenses." Id. at 124. In the instant case, the two offenses have only two things in common: both are the same type of offense and both involved young girls. The charged offense involved allegations of several incidents of penial and digital penetration of the vagina while the child was unclothed inside the family dwelling; the collateral offense involved a single episode of touching on the outside of the child's clothing while she sat on the defendant's knee as they were fishing. As this Court explained in Peek v. State, 488 So.2d 52, 55 (Fla. 1986), "[c]ollateral crimes evidence ... is not relevant and admissible merely because it involves the same type of offense." Although sexual battery on an underage child is a reprehensible offense, it is not so unique in itself that it should be uniformly admissible under section 90.404(2), Florida Statutes (1989).[4] Nor does Heuring stand for the proposition that any evidence of sexual abuse of a child is per se admissible. In fact, in Heuring itself this Court concluded that the trial court properly excluded direct evidence of the defendant's sexual activity with five other children because "they were not sufficiently similar to the charged offenses." 513 So.2d at 125.
Accordingly, we quash the decision below and remand this cause with directions to reverse the judgment of conviction and order a new trial.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 92.53(1), Florida Statutes (1989), provides:

On motion and hearing in camera and a finding that there is a substantial likelihood that a victim or witness who is under the age of 16 would suffer at least moderate emotional or mental harm if ... required to testify in open court ... the trial court may order the videotaping of the testimony of the victim or witness in a sexual abuse case... .
[2] Section 92.54, Florida Statutes (1989), permits a child under the age of sixteen who is a victim of or witness to a sexual offense to testify via closed circuit television. Section 92.54 is almost identical to section 92.53 in requiring a finding "that there is a substantial likelihood that the child will suffer at least moderate emotional or mental harm if required to testify in open court." § 92.54(1). Both statutes also require the court to make specific findings of fact on the record as to the basis for its ruling. §§ 92.53(7), .54(5).
[3] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[4] Section 90.404(2), Florida Statutes (1989), provides in pertinent part:

(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.