BLUE, Judge.
James William Thomas appeals his convictions for capital sexual battery and attempted capital sexual battery. We agree with Thomas that the trial court erred in admitting certain evidence and therefore, we reverse for a new trial.
First, the Williams[1] rule testimony of C.S. was improperly admitted because her allegations were not established by clear and convincing evidence. See Audano v. State, 641 So.2d 1356, 1359 (Fla. 2d DCA 1994). Second, the Williams rule testimony of C.T. was erroneously admitted because this collateral offense did not share any unique characteristics with the charged offense. See Feller v. State, 637 So.2d 911, 916 (Fla.1994); Heuring v. State, 513 So.2d 122, 124 (Fla.1987). Third, the investigating detective and the protective services counselor were improperly permitted to express their opinions regarding the victim’s credibility. See Tingle v. State, 536 So.2d 202, 205 (Fla.1988). Finally, the prosecutor’s closing argument based on the erroneously admitted Williams rule testimony was improper.
We have reviewed the record and cannot conclude beyond a reasonable doubt that the erroneous admission of this evidence was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore, we reverse Thomas’ convictions and sentences and remand for a new trial.
DANAHY, AC.J., and PATTERSON, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).