HAZOURI, J.
Ogeda Dennis was convicted and sentenced followihg a jury trial on a charge of sexual battery on a person under twelve years of age. He raises four points on appeal. We find no reversible error and affirm. We choose only to discuss Dennis’s contention that the trial court erred as a matter of law in failing to make specific findings of fact mandated by section 92.54 [1], Florida Statutes (1999), prior to allowing the victim, S.D. to testify via closed circuit television.
Prior to trial, the state filed a motion to present S.D.’s testimony via video tape or closed circuit television. At the hearing on the motion, George Rahaim, Ph.D., a psychologist, testified that “there’s a strong probability that the child [S.D.] would be harmed by testifying in a crowded courtroom and/or in front of the defendant.” Dr. Rahaim explained his opinion was based on his interview of S.D. and her performance on various tests he administered. Dr. Rahaim’s report was admitted into evidence.
Defense counsel objected to permitting S.D. to testify in this manner on *941 the basis that Dennis would be denied his due process right to confront the witness at trial. In making his decision to grant the state’s request, the trial judge stated:
Well, as far as allowing the witness to testify by videotape or some sort of closed hookup, I am going to permit that. I find that it is probable, from the evidence available to me, that the child would be harmed by testifying before the defendant or testifying in a crowded courtroom, as the witness testified to earlier. Whether the courtroom is crowded or not, I find, is not the operative issue. The operative issue is whether the child would be harmed by testifying in front of the defendant, and that’s certainly that that [sic] would be true. So, I will allow some sort of a video or a closed-circuit hookup.
The trial court merely adopted and ratified the hearing testimony of the psychologist without specifying each evidentiary fact that supported its ruling. This is erroneous because it ignores the clear and unequivocal directive of section 92.54(5), requiring the court to “make specific findings of fact, on the record, as to the basis for its ruling.” See Hopkins v. State, 632 So.2d 1372, 1376 (Fla.1994).
The state asserts that Dennis failed to preserve this issue for appellate review because his objection did not specify that the trial court’s findings were insufficient under section 92.54(5). We disagree. In Hopkins, our supreme court held that an objection based on the defendant’s right to confrontation properly preserves the issue of whether the trial court’s factual findings are sufficient under section 92.54(5).
However, Dennis did fail to preserve this issue for appellate review because he failed to renew his objection prior to S.D.’s testimony via closed circuit television. See Feller v. State, 637 So.2d 911, 914 (Fla.1994).
AFFIRMED.
WARNER, C.J., and GROSS, J., concur.

. 92.54 Use of closed circuit television in proceedings involving victims or witnesses under the age of 16 or persons with mental retardation.
(1) Upon motion and hearing in camera and upon a finding that there is a substantial likelihood that the child or person with mental retardation will suffer at least moderate emotional or mental harm due to the presence of the defendant if the child or person with mental retardation is required to testify in open court, or that such victim or witness is unavailable as defined in s. 90.804(1), the trial court may order that the testimony of a child under the age of 16 or person with mental retardation who is a victim or witness be taken outside of the courtroom and shown by means of closed circuit television.
(2) The motion may be filed by the victim or witness; the attorney, parent, legal guardian, or guardian ad litem of the victim or witness; the prosecutor; the defendant or the defendant's counsel; or the trial judge on his or her own motion.
(3) Only the judge, the prosecutor, the defendant, the attorney for the defendant, the operators of tire videotape equipment, an interpreter, and some other person who, in the opinion of the court, contributes to the well-being of the child or person with mental retardation and who will not be a witness in the case may be in the room during the recording of the testimony.
(4) During the child's or person’s with mental retardation testimony by closed circuit television, the court may require the defendant to view the testimony from the courtroom. In such a case, the court shall permit the defendant to observe and hear the testimony of the child or person with mental retardation, but shall ensure that the child or person with mental retardation cannot hear or see the defendant. The defendant’s right to assistance of counsel, which includes the right to immediate and direct communication with counsel conducting cross-examination, must be protected and, upon defendant's request, such communication shall be provided by any appropriate electronic method.
(5) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section.