BARKETT, Circuit Judge,
concurring:
Although I concur in the majority opinion, I write separately to note, additionally, that it would make no difference if Tucker’s appeal had taken place after the Florida Supreme Court announced that it possesses jurisdiction to consider issues beyond the one presented by the certified question. See Feller v. State, 637 So.2d 911, 914 (Fla.1994) (“Having jurisdiction on the basis of the certified questions, we have jurisdiction over all issues.”). The exhaustion inquiry under O’Sullivan v. Boerckel requires us to look only to what occurred (or failed to occur) in the course of the “standard review process.” 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); see also Dixon v. Dormire, 263 F.3d 774, 778 (8th Cir.2001). Thus, if a proceeding lies outside of the normal appellate process, a petitioner’s failure to present every claim in that proceeding will not constitute a lack of exhaustion under Boerckel. See Boerckel, 526 U.S. at 844, 119 S.Ct. 1728. Because proceedings pursuant to the Florida Supreme Court’s certified question jurisdiction constitute an extraordinary procedure beyond the scope of standard appellate review, I conclude that a petitioner’s failure to present all of his claims there, even after Feller, does not constitute a lack of exhaustion.
As Boerckel explained, the exhaustion doctrine is rooted in the idea of comity. See Boerckel, 526 U.S. at 844, 119 S.Ct. 1728. The Court found that comity requires prisoners to raise all federal constitutional claims in the state’s “standard review process” because otherwise the state courts might be deprived of a “full and fair opportunity to resolve federal claims before those claims are presented to the federal courts....” Id. at 845, 119 S.Ct. 1728. But the requirement extends only to proceedings that fall within the normal system of appellate review, because as long as the claims were raised there, the state courts have been given a fair opportunity to review those claims and order any necessary relief. See id. at 844, 119 S.Ct. 1728 (explaining’ that “[28 U.S.C.] Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.” (emphasis in original)). To require prisoners to raise all of their claims in extraordinary proceedings in addition to proceedings that are part of the standard review process not only is not required by the doctrine of comity, but actually disserves the interests of comity by transforming state proceedings that have distinctive and narrower purposes into general forums for the relit-igation of claims that have already been fully adjudicated in the course of normal appellate procedures.
Boerckel examined whether the exhaustion doctrine requires state prisoners to seek certiorari review, or in other words, to seek review in the state supreme court when that court has discretionary control over its docket. See id. at 843, 119 S.Ct. 1728 (“The particular question posed by this case is whether a prisoner must seek review in a state court of last resort when that court has discretionary control over *1286 its docket.” (emphasis added)). The decisive fact for the Boerckel Court was that the Illinois Supreme Court possesses unlimited discretion to hear any case it wishes. The Court in Boerckel observed that no Illinois rule controlled or measured the supreme court’s discretion, id. at 846, 119 S.Ct. 1728, and that the supreme court “has the opportunity to decide which cases it will consider on the merits.” Id. (emphasis in original). The Court thus reasoned that, because the Illinois Supreme Court has the power to hear any case that is presented to it, it is part of the state’s normal system of appellate review, and a prisoner’s failure to raise his claims in a petition for certiorari could deprive Illinois of a full and fair opportunity to adjudicate the claims prior to federal review.
In Florida, the decision of the district court of appeal is the final decision in the course of the normal appellate process. There is no general certiorari review by which the supreme court has the power to hear any ease it pleases; the supreme court does not have, in Boerckel’s words, “discretionary control over its docket.” Id. at 843, 119 S.Ct. 1728. The court does not have unfettered discretion “to decide which cases it will consider on the merits” because review pursuant to section 3(b)(4) is available only after a district court of appeal elects to certify a question to the court. If a question is not certified by the district court of appeal, the supreme court will be unable to hear the case. In other words, the control over the supreme court’s docket lies with the district courts of appeal, rather than with the supreme court itself. Furthermore, a district court of appeal may certify a question for supreme court review only under very limited circumstances: the question must be “of great public importance,” or the decision must be in “direct conflict” with the decision of another district court of appeal. See Fla. Const. Art. V, § 3(b)(4). In light of the fact that the supreme court does not have discretion to hear any case it pleases, and of the limited purposes served by certified question proceedings, it cannot be said that those proceedings are part of the standard review process.
Florida’s constitutional design gives the supreme court an opportunity to resolve a question of “great public importance” when a district court of appeal certifies that the question satisfies that condition. Although Feller indicates that the supreme court possesses jurisdiction to decide other issues that it may consider necessary to its decision, Feller’s simple statement regarding jurisdiction certainly does not describe certified question proceedings as a forum for the relitigation of all claims. On the contrary, the supreme court repeatedly refuses to address any claim beyond the scope of the certified question. See, e.g., Major League Baseball v. Morsani, 790 So.2d 1071, 1080 n. 26 (Fla.2001) (“We decline to address the other claim ... because it is outside the scope of the certified question and was not the basis of our discretionary review. As a rule, we eschew addressing a claim that was not first subjected to the crucible of the jurisdictional process set forth in article V, section 3, Florida Constitution.”); Crocker v. Pleasant, 778 So.2d 978 (Fla.2001); Hearndon v. Graham, 767 So.2d 1179 (Fla.2000); Friedrich v. State, 767 So.2d 451 (Fla.2000); Baber v. State, 775 So.2d 258 (Fla.2000); Fulton County Adm’r v. Sullivan, 753 So.2d 549 (Fla.1999); McMullen v. State, 714 So.2d 368 (Fla.1998); Beach v. Great Western Bank, 692 So.2d 146 (Fla.1997); W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994); Jeffries v. State, 610 So.2d 440 (Fla.1992); Stephens v. State, 572 So.2d 1387 (Fla.1991); State v. Simpson, 554 So.2d 506 (Fla.1989).
Boerckel makes clear that, under the exhaustion doctrine, it remains with the *1287 states to define what procedures are part of the normal system of state appellate review. 526 U.S. at 848-49, 119 S.Ct. 1728. In my view, the determinative issue in this case is that both the constitutional design of the Florida Supreme Court’s jurisdiction and the statements of that court make clear that certified question jurisdiction is an extraordinary procedure for resolving questions of great public importance, and not a forum for relitigating every claim.[1] Because the certified question proceeding lies outside of the normal appellate process, and because the district court of appeal is the forum with the responsibility for full adjudication of the case, the state courts have not been deprived of a fair opportunity to review a petitioner’s federal constitutional claims simply because every claim is not raised again in the certified question proceeding. Consequently, it does not create an exhaustion problem in the federal courts.

. The fact that Tucker's appeal took place long before Feller was decided certainly renders irrelevant any argument that Feller created a new exhaustion obligation. But since I find that argument unpersuasive in any event, I see little reason to consider only pre-Feller cases.