CANADY, C.J.,
dissenting.
Because Corona failed to properly preserve the Confrontation Clause issue on which the majority relies for quashing the decision on review, I dissent. Under then applicable law, to preserve the confrontation clause issue, Corona was required— notwithstanding any adverse pretrial ruling — to make a specific Confrontation Clause objection at trial. See Spann v. State, 857 So.2d 845, 852 (Fla.2003) (requiring specific objection at trial to preserve issue for appeal); Feller v. State, 637 So.2d 911, 914 (Fla.1994) (holding that defendant who “failed to renew his confrontation clause objection when [evidence] was actually offered at trial” failed to preserve the Confrontation Clause issue for appellate review).[8] Corona’s general hearsay objection at trial was therefore insufficient to preserve the Confrontation Clause issue. Furthermore, I agree with the Fifth District’s conclusion that the unpre-served error was not fundamental. Corona’s conviction and sentence should be upheld.

. Corona’s trial was conducted before the July 1, 2003, effective date of the provision of section 90.104(1)(b), Florida Statutes (2003), that a renewed objection when evidence is offered at trial is not necessary if there has been a prior "definitive ruling” excluding the evidence.