# Third District Court of Appeal
## State of Florida

Opinion filed October 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0760
Lower Tribunal No. F20-12699
_____


**Ron Orlando Figueroa,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.


Before LINDSEY, GORDO, and LOBREE, JJ.

LINDSEY, J.

Appellant, Ron Figueroa, appeals his conviction following a jury trial. Figueroa was found guilty of abusing his minor stepdaughter. Pursuant to section 92.54, Florida Statutes (2022), Appellee, the State, moved to allow the eleven-year-old child to testify through closed-circuit television ("CCTV") rather than in open court. Figueroa objected, but the trial court granted the motion after explaining its decision on the record. Figueroa argues that the trial court's on-the-record explanation for allowing CCTV testimony fell short of the constitutional and statutory requirement that the trial court make case-specific factual findings. We affirm because the trial court's findings were sufficient and supported by competent substantial evidence.

## I.    BACKGROUND

Figueroa was charged with three counts of lewd and lascivious molestation, one count of sexual battery, and one count of attempted sexual battery. Before trial, the State filed a motion to allow the child to testify via CCTV pursuant to section 92.54, which provides as follows:

> (1) Upon motion and hearing in camera and upon a finding that there is a substantial likelihood that a victim or witness under the age of 18 . . . will suffer at least **moderate** emotional or mental harm due to the presence of the defendant if such victim or witness is required to testify in open court, . . . the trial court may order that the testimony of the victim or witness be taken outside of the courtroom and shown by means of closed-circuit television.
>
> . . . .

(5) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section.

(Emphasis added).

On March 28, 2022, the court held a hearing on the motion. Dr. Vanessa Ramirez, a child psychologist who evaluated the child, testified at the hearing as an expert. Dr. Ramirez concluded that the child would suffer at least moderate emotional harm if she were made to testify in Figueroa's presence. Dr. Ramirez testified that she came to this conclusion because of the child's "very emotional" responses whenever the child was confronted with discussing the alleged abuse or the possibility of seeing Figueroa in court.

Based on this evidence, the trial court concluded that the child should testify via CCTV:

> [B]ased upon not only the testimony of the expert but also the evaluation that was done and provided to the Court . . . I believe that . . . there is significant likelihood of at least . . . **moderate** emotional harm. . . . [F]rom the report, the child seems to be scared of the Defendant and I am concerned for her emotional safety.
>
> I am distressed, frankly, that she's only received one therapy session . . . .

(Emphasis added).

Figueroa objected to allowing the CCTV testimony, arguing that the child would not suffer emotional harm if made to testify in open court. The

3

trial court acknowledged this objection before going on to explain why Figueroa's right to confront the victim was outweighed by the important public policy interest in protecting the child in this case.

The jury found Figueroa guilty on all five counts. This timely appeal follows.

## II. ANALYSIS

Our standard of review is mixed when considering the trial court's ruling over an objection based on the Confrontation Clause. See Hernandez v. State, 946 So. 2d 1270, 1277 (Fla. 2d DCA 2007). The trial court's findings of fact are "subject to reversal only if not supported by competent, substantial evidence in the record." Id. Meanwhile, legal conclusions are reviewed de novo. Id.; see also Calloway v. State, 210 So. 3d 1160, 1187 (Fla. 2017) ("We review challenges based on the Confrontation Clause de novo."); Murphy v. State, 317 So. 3d 1255, 1257-58 (Fla. 3d DCA 2021) (explaining that although a trial court has wide latitude when ruling on evidentiary matters, its discretion is constrained by the Sixth Amendment; therefore, review of a trial court's ruling over a Confrontation Clause objection is de novo).

The United State Supreme Court has long recognized that "the Confrontation Clause guarantees the defendant a face-to-face meeting with

witnesses." Coy v. Iowa, 487 U.S. 1012, 1016 (1988).[1] This right, however, is not absolute. Maryland v. Craig, 497 U.S. 836, 844 (1990). Indeed, the right to confront "must occasionally give way to considerations of public policy," such as allowing minors to testify outside of the courtroom if the minor's "well-being" would be affected by testifying in the presence of the defendant. Id. at 853, 856.

In Craig, the United States Supreme Court set forth case-specific findings that are required before a trial court permits a child witness to testify via CCTV. Id. at 856-57. Our high Court has held that Florida courts *must* comply with Craig:

> To satisfy Craig, the trial court must: (a) conduct an inquiry in which evidence is received on whether the closed-circuit procedure is necessary to protect the welfare of the particular child; (b) find that the child witness will be traumatized, not by the courtroom generally, but by the presence of the defendant; and (c) find that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis, i.e., more than mere nervousness or excitement or some reluctance to testify.

Myles v. State, 602 So. 2d 1278, 1281 (Fla. 1992) (footnote omitted). The factual findings required by section 92.54 are necessarily related to the

---

[1] The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Amend. VI, U.S. Const. This gives the accused an opportunity to confront his accusers "face to face." Crawford v. Washington, 541 U.S. 36, 57 (2004) (quoting Mattox v. United States, 156 U.S. 237, 244 (1895)).

findings required by <u>Craig</u>.[2]  <u>Hopkins v. State</u>, 632 So. 2d 1372, 1375 (Fla. 1994).

There are two issues before us: (1) whether the trial court complied with the constitutional and statutory requirements to make sufficient case-specific findings on the record before allowing CCTV testimony, and (2) if the trial court erred, whether that error constituted fundamental error or harmless error.[3]

Figueroa argues that the trial court did not have enough evidence to conclude that the child should testify via CCTV and that the trial court failed to make the required case-specific findings.  Not so.  The trial court's findings are supported by competent substantial evidence, and it complied with the constitutional and statutory requirements to make the necessary case-specific findings.

---

[2] In <u>Myles</u>, the Florida Supreme Court observed that the <u>Craig</u> findings were not the precisely the same as those in a prior version of section 92.54.  <u>Myles</u>, 602 So. 2d at 1281.  For example, section 92.54(1), Florida Statutes (1991), did not specify that the harm must be caused by the presence of the defendant.  <u>Myles</u>, 602 So. 2d at 1281.  The current version of the statute, however, includes this causation requirement.  <u>See</u> § 92.54(1), Fla. Stat. (2023) (requiring a finding that "that there is a substantial likelihood that a victim or witness under the age of 18 . . . will suffer at least moderate emotional or mental harm *due to the presence of the defendant*" (emphasis added)).

[3]  Because we conclude that the trial court did not err, we do not reach this issue.

In arguing that there was insufficient evidence to justify CCTV testimony, Figueroa claims that the child's only expression of fear was about having to sit next to Figueroa, a scenario that was never going to happen in open court. But this ignores Dr. Ramirez's testimony that she did not think the child victim could testify in open court because "she expressed being fearful of . . . seeing [Figueroa]." Moreover, when Dr. Ramirez was asked if she clarified for the child that she would not be sitting next to [Figueroa], Dr. Ramirez answered that the child understood "she would be able to see him. That he would be in the room."

Dr. Ramirez specifically evaluated the child "to determine under what conditions she could testify in court and provide recommendations." Dr. Ramirez learned the child became emotional during her deposition. Indeed, the child became so upset that she had to take a break before continuing. Dr. Ramirez further testified that "whenever [the child] talked about anything related to the upcoming court, she would get emotional." Moreover, Dr. Ramirez testified that the child was "very distressed" and "very avoidant" when discussing the possibility of testifying in open court such that Dr. Ramirez determined "if [the child] sees [Figueroa] . . . she wouldn't be able to say what happened to her."

Based on the record before us, we conclude there was competent substantial evidence to support the trial court's findings that the child would

7

suffer at least moderate emotional harm due to the presence of Figueroa if made to testify in open court.

Next, Figueroa argues that the trial court did not give adequate case-specific findings on the record to explain why CCTV testimony was necessary in accordance with section 92.54(5) and Craig.  We disagree. Figueroa compares the trial court's on-the-record explanation to cases involving insufficient explanations, but these cases are distinguishable.

In Feller v. State, 637 So. 2d 911, 914 (Fla. 1994), the trial court made the following general finding:

> I think I'm satisfied that [the psychologist's] testimony comports to the statute, that there is at least a substantial likelihood of . . . moderate [harm], is sufficient to allow the videotaping of the child; and therefore, I'm going to grant the state's motion to videotape the testimony of this child.

The Florida Supreme Court concluded that this "failed to satisfy the requirement that the court make specific findings of fact on the record to support the ruling."[4]  Id.  Moreover, the Court noted that there were "contradictions and conflicts regarding some of the psychologist's factual assertions."  Id.

---

[4] Feller involved section 92.53, which concerns videotaped testimony as opposed to CCTV testimony.  However, both sections 92.53(7) and 92.54(5), the CCTV statute relevant here, require "specific findings of fact, on the record, as to the basis for [the trial court's] ruling."

Figueroa also relies on <u>Dennis v. State</u>, 782 So. 2d 939, 941 (Fla. 4th DCA 2001), where the trial court simply found "it is probable, from the evidence available to me, that the child would be harmed by testifying before the defendant . . ." The Fourth District held that this was insufficient because "[t]he trial court merely adopted and ratified the hearing testimony of the psychologist without specifying each evidentiary fact that supported its ruling." <u>Id.</u>

Here, by contrast, the trial court did not merely adopt Dr. Ramirez's testimony but made specific findings as to the likelihood of moderate emotional harm and the child's fear of Figueroa and her emotional safety:

> [B]ased upon not only the testimony of the expert but also the evaluation that was done and provided to the Court . . . I believe that . . . there is significant likelihood of at least . . . **moderate** emotional harm. . . . [F]rom the report, the child seems to be scared of the Defendant and I am concerned for her emotional safety.
>
> I am distressed, frankly, that she's only received one therapy session . . . .

(Emphasis added).[5] And, unlike in <u>Feller</u>, Dr. Ramirez's testimony did not contain contradictions and conflicts. We therefore conclude that the trial court did not err because its on-the-record explanation was sufficient. <u>See</u>

---

[5] After the court expressed concern about the child's therapy, the State explained that the child discontinued therapy because she was so emotionally distressed by what happened that she didn't want to talk to anybody about it. The court responded, "Right. That's harm to the child."

Feller, 637 So. 2d at 914 (explaining that the purpose of the statute's requirement that courts make case-specific findings on the record is to ensure that a reviewing court can "determine which . . . facts the trial court relied upon in reaching [its] ultimate conclusion").

Accordingly, we hold that the trial court did not err in allowing the child to testify via CCTV because there was competent substantial evidence in the record, and the court made sufficient case-specific findings.

Affirmed.